**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

| | |
|---|---|
| JANE DOE, 10, a minor, through her mother and next friend, Julie Doe 10, JULIE DOE, 10, JANE DOE, 11, a minor, through her parents and next friends, Jane and John Doe 11, JANE DOE, 11 and JOHN DOE, 11<br>         Plaintiff,<br><br>v.<br><br>JON WHITE, MCCLEAN COUNTY UNIT DISTRICT NO. 5 BOARD OF DIRECTORS, JIM BRAKSICK, ALAN CHAPMAN, DALE HEIDBREDER, and JOHN PYE,<br><br>         Defendants. | Case No. 08-1287 |

**ORDER**

Plaintiffs, minors and their parents, are pursuing state and federal claims arising from former teacher Jon White's alleged sexual misconduct against two of his first grade female students, and the alleged response (or lack thereof) of school administrators. Defendants include Jim Braksick, who was the Principal of the minors' school; Dale Heidbreder, who was the Assistant Principal of the minors' school; Alan Chapman, who was the Superintendent for the School District; and John Pye, who was the Assistant Superintendent of Operations and Human Resources for the School District.

On March 3, 2009, Magistrate Judge Byron G. Cudmore filed a Report & Recommendation addressing Defendants' Motions to Dismiss, Motions to Strike

Prayer for Punitive Damages, and Plaintiffs' Responses to these Motions. The Magistrate Judge sufficiently set forth the relevant facts and procedural history and they need not be restated here. More than ten (10) days have elapsed since the filing of the Report & Recommendation, and no objections have been made. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); *Lockert v. Faulkner,* 843 F.2d 1015 (7th Cir.1988); and *Video Views, Inc. v. Studio 21, Ltd.,* 797 F.2d 538, 539 (7th Cir.1986). As the parties failed to present timely objections, any such objections have been waived. *Id.*

The Court concurs with the Magistrate Judge's well-reasoned and comprehensive recommendations. Specifically, the Magistrate Judge recommended that:

1) The motion to strike punitive damages by Defendant School District (#4) be GRANTED;

2) The motion to strike punitive damages by Defendant Heidbreder (#15) be DENIED, without prejudice to renewing upon a more fully developed record and thorough briefing;

3) The motion to dismiss by Defendant White (#27) be GRANTED in part, and DENIED in part. The Court recommends that the parents' claim against White for intentional infliction of emotional distress ("IIED") (Count IV) be dismissed as barred by the two-year statute of limitations in 735 ILCS 5/13-200. The Court otherwise recommends denial of White's motion to dismiss.

4) The motions to dismiss by the School Administrators (Heidbreder, Braksick, Pye, and Chapman) be GRANTED in part and DENIED in part (#7, #9, #11, #13). The Court recommends that the parents' claim for IIED (Count V) and claim for common law fraud (Count XVIII) be dismissed as barred by the statute of limitations in 745 ILCS 10/8-101. The Court further recommends that the claims based on violations of ANCRA be dismissed for failure to state a claim (Counts XI, XIII, and XX). The Court recommends that the motions be otherwise denied.

    5)      The motion to dismiss by the School District be GRANTED in part and DENIED in part (#5).  The Court recommends that the following respondeat superior claims against the School District be dismissed: Count VI (parents' IIED claim); Count XIX (parents' fraud claim); Counts XII, XIV, XXI (minors' hate crime claim); and, Count IX (IIED claim), but only to the extent it is based on White's conduct.  The Court recommends the motion be otherwise denied.

Accordingly, this Court now adopts the Report & Recommendation [# 47] of the Magistrate Judge in its entirety.

This matter is again REFERRED to Magistrate Judge Cudmore for further proceedings.

ENTERED this 30th day of March, 2009.

                                        s/ Michael M. Mihm
                                        Michael M. Mihm
                                        United States District Judge