UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| JANE DOE - 10, a Minor, through her mother, and next Friend, JULIE DOE-10, and JULIE DOE-10, JANE DOE-11, a Minor, through her parents and next Friends, JOHN DOE-11 and JULIE DOE-11, JOHN DOE and JULIE DOE-11, ) ) ) ) ) ) Plaintiffs, ) ) v. ) ) JON WHITE, MCLEAN COUNTY UNIT DISTRICT NO. 5 BOARD OF DIRECTORS, JIM BRAKSICK, ALAN CHAPMAN, DALE HEIDBREDER, and JOHN PYE, ) ) ) ) ) Defendants ) | Case No.: 1:08-cv-1287<br>Jury Trial Demanded |

_____

MOTION TO COMPEL DISCOVERY FROM PLAINTIFFS

COMES NOW Defendant, McLean County District No. 5 Board of Directors ("Unit 5"), Jim Braksick, Alan Chapman, and John Pye ("Defendants") pursuant to Federal Rule of Civil Procedure 37, and for their Motion to Compel Discovery from Plaintiffs, state as follows:

1. Plaintiffs' Original Complaint contains numerous allegations regarding the alleged conduct and knowledge of the various defendants, as well as allegations regarding alleged continued abuse of the Plaintiffs by White after an alleged report to Defendant Heidbreder.

2. Defendants served Interrogatories, Request to Produce, and Request to Admit on Plaintiffs. Their discovery was directed at determining the factual basis of Plaintiffs' allegations.

1

3. Plaintiffs served their discovery responses on June 15, 2009. For reasons detailed below, Plaintiffs' discovery responses were largely unresponsive and did not comply with the Federal Rules of Civil Procedure.

INTERROGATORY RESPONSES

4. Plaintiffs included the following statement in each response to Defendants' Interrogatories:

> Plaintiff incorporates by reference all of the information in her Initial Disclosures. Plaintiff also incorporates by reference all prior disclosures by any party in this case or related cases, Jane Doe-2 v. White, et al....and Jane Doe-3 v. White, et al...Plaintiff also incorporates by reference all of her disclosures in Answers to Interrogatories or in Responses to Requests to Produce propounded by other Defendants in this same matter.
>
> Investigation continues.
>
> Plaintiff is aware of her duty to supplement.

5. In some responses additional information is provided; in others, only the foregoing statement is made. In either case, however, it is *impossible* to know whether any information responsive to the interrogatory is contained within the documents that are referenced en masse. <u>See</u> Exhibit 1, which is a true and accurate copy of Plaintiffs' interrogatory responses to Pye, Chapman, Braksick,[1] and Exhibit 2,[2] which is a true and accurate copy of Plaintiffs' interrogatory responses to Unit 5. For reasons detailed in Defendants' Memorandum, Plaintiffs' reference to documents en masse is not permitted under Federal Rule of Civil Procedure 33.

---

[1] Separate discovery was served on each Plaintiff.
[2] Defendants have filed a Motion for Leave To File Exhibits 1 and 2 under Seal.

6. In addition to the foregoing, and for reasons detailed in Defendants' Memorandum in Support of Motion to Compel, Plaintiffs' "substantive" response to Interrogatory 12 is non-responsive.

7. Plaintiffs, in addition, have failed to provide information responsive to Unit 5's Interrogatory 4, 9, 15, and 24. See Exhibit 2.[3]

> Interrogatory #4: Identify each person known or believed to have been present at the time of the incident, or within a half an hour of the incident, including, but not limited to, eyewitnesses…
>
> Interrogatory #9: If the claimant has ever suffered physical or emotional injury on occasion other than the incident herein, whether before or after said incident, state the nature of the injury, the date of the location thereof, and identify each medical provider who provided treatment for such injury.
>
> Interrogatory #15: State whether any claimant has suffered damages of any kind other than those mentioned in answers to prior interrogatories; if so, describe such damages.
>
> Interrogatory #24: Identify with respect to paragraph 149 in your complaint, each fact you rely upon to support your allegation that you suffered educational harm. With respect to each fact that you are relying upon, identify: (1) any witnesses you will rely upon to support the factual allegation, and (2) the date of the alleged harm.

Plaintiffs' responses to these foregoing interrogatories were also nonresponsive. Each answer includes the vague non-responsive reference to documents en masse. Plaintiffs' response to Interrogatory 4 fails to identify by name any witnesses. Their response to Interrogatory 9 fails to identify if either of them suffered a physical or emotional injury on any occasion other than the incident alleged in the Complaint. Their responses to Interrogatories 15 and 24 fail to describe the nature of any alleged educational injury. Plaintiffs have not objected to these interrogatories and they should be required to provide complete responses.

---

[3] Plaintiffs also failed to adequately respond to Unit 5's interrogatories 5, 11, and 12. Plaintiffs' counsel, however, has indicated her intent to supplement these responses.

REQUEST TO PRODUCE

       8.       Throughout their response to Request to Produce, Plaintiffs made the following response:

> Plaintiff incorporates by reference all of the information in her Initial Disclosures. Plaintiff also incorporates by reference all prior disclosures by any party in this case or related cases…Plaintiff also incorporates by reference all of her disclosures in Answers to Interrogatories or in Reponses to Requests to Admit or in Responses to Requests to Produce propounded by other Defendants in this same matter. Investigation continues…

<u>See</u> Exhibit 3, which is a true and accurate copy of Plaintiffs' Response to Defendants' Request to Produce.

       9.       Plaintiffs also failed to properly respond to Request to Produce 36.

REQUEST TO ADMIT

       10.      In addition to the foregoing, Plaintiffs failed to comply with Federal Rule of Civil Procedure 36 in responding to Request to Admit 11, and 30. <u>See</u> Exhibit 4, which is a true and accurate copy of Plaintiffs' Response to Defendants' Request to Admit.

       11.      Plaintiffs, in addition, denied Request to Admit 33, thereby denying their parents never told any Defendant that White was still sexually harassing, grooming, or abusing the Plaintiffs after their alleged reports to Heidbreder.  Plaintiff Doe-10 likewise denied Request to Admit 36, thereby denying that Julie Doe-10 did not report to any Defendant that White told Julie Doe-10 "there was nothing wrong with his touching of female students".  Notwithstanding these denials, Plaintiffs failed in their interrogatory responses to identify any such communications to any Defendant.

       12.      Defendants outlined Plaintiffs' discovery deficiencies in an August 3, 2009 letter. <u>See</u> Exhibit 5.

13. Plaintiffs responded on August 11, 2009, indicating they would supplement Braksick Interrogatories 10, 13, and 16 and District Interrogatories 5, 11, 12, and 36. Plaintiffs refused, however, to revise or supplement their responses to Defendants' other discovery requests, indicating their belief that it was sufficient to refer to documents *en masse* for purposes of responding to interrogatories and requests to produce. See Exhibit 6.

14. Plaintiffs' interrogatory responses suggest responsive information can be found somewhere within the mass of documents previously produced. This suggestion is affirmed by Plaintiffs' letter stating their belief that "reference to previously produced documents is a forthright and efficient means of complying with discovery obligations." See Exhibit 6. Defendants are entitled to sworn responses to interrogatories that identify facts supporting allegations in the complaint.

15. For reasons detailed above, and in Defendants' Memorandum in Support of Motion to Compel, filed contemporaneously herewith, Plaintiffs' vague reference to a mass of documents, both in their responses to interrogatories and request to produce, does not comply with the Federal Rule of Civil Procedure 33 or 36. If Plaintiffs currently have no facts to support the allegations in their Complaint, their discovery responses should state as such and they should not be allowed to generally refer to documents en masse. If certain documents are responsive to a request to produce, Plaintiffs' should identify the documents that correspond to the request to produce.

CERTIFICATION

16. Pursuant to Federal Rule of Civil Procedure 37(a)(1), the undersigned has in good faith conferred or attempted to confer with Plaintiffs' counsel regarding Plaintiffs' discovery

responses in effort to obtain complying discovery responses without court action. The undersigned sent Plaintiffs' counsel an August 3, 2009 letter requesting revised or supplemental discovery responses and offered to discuss the matter further. See Exhibit 5. A follow-up letter offering to discuss the matter was faxed on August 11, 2009. See Exhibit 7. In response to these good faith attempts, Plaintiffs' counsel sent a letter on August 11, 2009 indicating she would not provide complying discovery responses. See Exhibit 6.

WHEREFORE, for all of the foregoing reasons, McLean County District No. 5 Board of Directors ("Unit 5"), Jim Braksick, Alan Chapman, and John Pye ("Defendants") respectfully ask that the Court enter an order requiring Plaintiffs to:

(a) Revise the interrogatory responses by Plaintiffs to the Defendants' interrogatories to remove reference to the mass of documents and to instead set forth information contained within the documents, if any, that is responsive to the interrogatories;

(b) Supplement Plaintiffs' responses to Interrogatory 12;

(c) Supplement responses to the Defendants' Request to Produce to specifically identify the documents by bates-stamp number that are responsive to the Request to Produce;

(d) Supplement responses to Request to Produce 36;

(e) Answer Request to Admit 11 and 30 and supplement their interrogatory responses if they intend to deny Request to Admit 33 and 36.

Respectfully submitted,

McLean County Unit District No. 5 Board of Directors, Jim Braksick, John Pye, and Alan Chapman, Defendants.

s/Tamara K. Hackmann
James C. Kearns, ARDC #1422251
Tamara K. Hackmann, ARDC #6237233
Attorneys for Defendant
HEYL ROYSTER VOELKER & ALLEN

6

Suite 300, 102 E. Main Street
P.O. Box 129
Urbana, IL 61803
Fax: (217) 344-9295
Telephone: 217-344-0060
thackmann@heylroyster.com
jkearns@heylroyster.com

### CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Ms. Ellyn J. Bullock<br>Law Office of Ellyn J. Bullock<br>116 N. Chestnut St., Suite 240<br>Champaign, IL  61820 | Mr. Peter W. Brandt<br>Livingston, Barger, Brandt & Schroeder<br>115 W. Jefferson Street, Suite 400<br>P.O. Box 3457<br>Bloomington, IL 61702-3457 |
| Mr. Brett N. Olmstead<br>Beckett & Webber, P.C.<br>508 South Broadway Avenue<br>P.O. Box 17160<br>Urbana, IL  61803-7160 | |

s/Tamara K. Hackmann
James C. Kearns, ARDC #1422251
Tamara K. Hackmann, ARDC #6237233
Attorneys for Defendant
HEYL ROYSTER VOELKER & ALLEN
Suite 300, 102 E. Main Street
P.O. Box 129
Urbana, IL 61803
Fax: (217) 344-9295
Telephone: 217-344-0060
thackmann@heylroyster.com
jkearns@heylroyster.com

14880570_1.DOCX