## UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| JANE DOE-10, a Minor, through her mother and next Friend, JULIE DOE-10, and JULIE DOE-10, JANE DOE-11, a Minor, through her parents and next Friends, JOHN DOE-11 and JULIE DOE-11, JOHN DOE-11 and JULIE DOE-11, <br><br> Plaintiffs, <br><br> v. <br><br> JON WHITE, MCLEAN COUNTY UNIT DISTRICT NO. 5 BOARD OF DIRECTORS, JIM BRAKSICK, ALAN CHAPMAN, DALE HEIDBREDER and JOHN PYE, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Case No. 08-1287 <br><br> JURY TRIAL DEMANDED |

### PLAINTIFF JANE DOE-10'S RESPONSES TO MCLEAN SCHOOL DISTRICT'S REQUESTS TO ADMIT

NOW COMES the Plaintiff, JANE DOE-10, through her mother and next Friend, JULIE DOE-10, by and through their attorney, Ellyn J. Bullock of Law Office of Ellyn J. Bullock, and in accordance with Federal Rule of Civil Procedure 36, gives her Responses to Requests to Admit propounded by Defendant MCLEAN COUNTY UNIT DISTRICT NO. 5 BOARD OF DIRECTORS as follows:

### REQUEST TO ADMIT NO. 1:

Chapman had no knowledge of any complaint from the parents of Jane Doe-12 about White.

### RESPONSE:

Plaintiff neither admits or denies as she does not know the extent of Chapman's knowledge of the Jane Doe-12 complaint. Upon information and belief, the Jane Doe-12

complaint was made known to most or all of the Defendants in the course of their employment with McLean School District.

## REQUEST TO ADMIT NO. 2:

Pye had no knowledge of any complaint from the parents of Jane Doe-12 about White.

### RESPONSE:

Plaintiff neither admits or denies as she does not know the extent of Pye's knowledge of the Jane Doe-12 complaint. Upon information and belief, the Jane Doe-12 complaint was made known to most of all or the Defendants in the course of their employment with McLean School District.

## REQUEST TO ADMIT NO. 3:

Braksick had no knowledge of any complaint from the parents of Jane Doe-12 about White.

### RESPONSE:

Plaintiff neither admits or denies as she does not know the extent of Braksick's knowledge of the Jane Doe-12 complaint. Upon information and belief, the Jane Doe-12 complaint was made known to most or all of the Defendants in the course of their employment with McLean School District.

## REQUEST TO ADMIT NO. 4:

Julie Doe-10 did not complain to Braksick about White's alleged sexual harassment, grooming, or abuse.

### RESPONSE:

Deny.

## REQUEST TO ADMIT NO. 5:

Julie Doe-10 did not complain to Pye about White's alleged sexual harassment, grooming, or abuse.

**RESPONSE**:

Deny.

## REQUEST TO ADMIT NO. 6:

Julie Doe-10 did not complain to Chapman about White's alleged sexual harassment, grooming, or abuse.

**RESPONSE**:

Admit.

## REQUEST TO ADMIT NO. 7:

Julie Doe-10 did not tell Heidbreder that White had "sexually harassed" Jane Doe-10.

**RESPONSE**:

Deny.  The Doe-10 report to Heidbreder included specific reports of actions that constitute sexual harassment.

## REQUEST TO ADMIT NO. 8:

Julie Doe-10 did not tell Heidbreder that White had "sexually abused" Jane Doe-10.

**RESPONSE**:

Deny.  The Does-10 report to Heidbreder did not use the words "sexual abuse" but the Does-11 report sought investigation of conduct relevant to the risk of sexual abuse.

## REQUEST TO ADMIT NO. 9:

Julie Doe-10 did not tell Heidbreder that White was "sexually grooming" Jane Doe-10.

**RESPONSE**:

Deny.  The Does-10 report to Heidbreder included specific reports of actions that constitute sexual grooming.

### REQUEST TO ADMIT NO. 10:

In March 2004, Julie Doe-10 did not believe White had sexually harassed Jane Doe-10.

### RESPONSE:

Deny.

### REQUEST TO ADMIT NO. 11:

In March 2004, Julie Doe-10 did not believe White had sexually abused Jane Doe-10.

### RESPONSE:

Plaintiff is not able to admit or deny.  In March, 2004, Julie Doe-10 had serious concerns about White's behaviors towards her daughter and other girls in the calss and wanted school officials to investigate and explore those concerns.  She raised concerns about specific misconduct that raised at least a risk of sexual abuse.

### REQUEST TO ADMIT NO. 12:

In March 2004, Julie Doe-10 did not believe White was sexually grooming Jane Doe-10.

### RESPONSE:

Deny.

### REQUEST TO ADMIT NO. 13:

Julie Doe-10 did not report White's alleged conduct involving Jane Doe-10 to any state or county authorities prior to December 31, 2006.

### RESPONSE:

Deny.

### REQUEST TO ADMIT NO. 14:

Julie Doe-10 did not complain to Heidbreder that White was hugging Jane Doe-10.

**RESPONSE**:

Deny.

## REQUEST TO PRODUCE NO. 15:

Hugging of minor females does not constitute sexual harassment.

**RESPONSE**:

Deny. Julie Doe-10 believes that unwanted hugging of minor female students is inappropriate and harmful and that it can constitute sexual grooming and/or sexual harassment depending on a number of factors and circumstances.

## REQUEST TO ADMIT NO. 16:

Hugging of minor females does not constitute sexual abuse.

**RESPONSE**:

Neither admit nor deny. Julie Doe-10 believes that unwanted hugging of minor female students is inappropriate and harmful and that it can constitute sexual grooming and/or sexual harassment depending on a number of factors and circumstances. Julie Doe-10 believes that her report to Heidbreder and Braksick raised at least a risk of sexual abuse.

## REQUEST TO ADMIT NO. 17:

Hugging of minor females does not constitute sexual grooming.

**RESPONSE**:

Neither admit nor deny. Julie Doe-10 believes that unwanted hugging of minor female students is inappropriate and harmful and that it can constitute sexual grooming and/or sexual harassment depending on a number of factors and circumstances.

## REQUEST TO PRODUCE NO. 18:

Heidbreder did not report the substance of Julie Doe-10's complaint about White to Braksick.

**RESPONSE**:

Neither admit nor deny.  Plaintiff does not know the substance of what Heidbreder reported to Braksick.  Upon information and belief, Heidbreder reported to Braksick.  As an independent matter, the parents attempted to report directly to Braksick all of their concerns. Further, in his Normal Police interview, Heidbreder says he reported the parental concerns to both Braksick and Pye.

## REQUEST TO ADMIT NO. 19:

Heidbreder did not report the substance of Julie Doe-10's complaint about White to Pye.

**RESPONSE**:

Neither admit nor deny.  Plaintiff does not know the substance of what Heidbreder reported to Pye.  Upon information and belief, Heidbreder reported to Pye.  Further, in his Normal Police interview, Heidbreder says he reported the parental concerns to both Braksick and Pye.

## REQUEST TO ADMIT NO. 20:

Heidbreder did not report the substance of Julie Doe-10's complaint about White to Chapman.

**RESPONSE**:

Neither admit nor deny.  Plaintiff does not know the substance of what Heidbreder reported to Chapman.  Upon information and belief, the Does-10 & 11 complaint about White's misconduct was reported to most or all of the Defendants during the course of their employment with McLean School District.

## REQUEST TO ADMIT NO. 21:

Pye did not have any knowledge that White had engaged in any conduct that would trigger a report under the Abused and Neglected Child Reporting Act while White was employed at Normal School District.

**RESPONSE**:

Deny.  Upon information and belief, all Defendants violated mandated reporting duties.

**REQUEST TO ADMIT NO. 22:**

Chapman did not have any knowledge that White had engaged in any conduct that would trigger a report under the Abused and Neglected Child Reporting Act while White was employed at Normal School District.

**RESPONSE:**

Deny. Upon information and belief, all Defendants violated mandated reporting duties.

**REQUEST TO ADMIT NO. 23:**

Braksick did not have any knowledge that White had engaged in any conduct that would trigger a report under the Abused and Neglected Child Reporting Act while White was employed at Normal School District.

**RESPONSE:**

Deny. Upon information and belief, all Defendants violated mandated reporting duties.

**REQUEST TO ADMIT NO. 24:**

Braksick did not enter any agreement not to make a mandated report on White.

**RESPONSE:**

Deny.

**REQUEST TO ADMIT NO. 25:**

Pye did not enter any agreement not to make a mandated report on White.

**RESPONSE:**

Neither admit nor deny. Plaintiff does not know whether Pye entered any agreement as to mandated reporting.

**REQUEST TO ADMIT NO. 26:**

Chapman did not enter any agreement not to make a mandated report on White.

**RESPONSE**:

Neither admit nor deny.  Plaintiff does not know whether Chapman entered any agreement as to mandated reporting.

### REQUEST TO ADMIT NO. 27:

Braksick did not enter any agreement to conceal any complaint made by Julie Doe-10.

**RESPONSE**:

Deny.

### REQUEST TO ADMIT NO. 28:

Pye did not enter any agreement to conceal any complaint made by Julie Doe-10.

**RESPONSE**:

Neither admit nor deny.  Plaintiff does not know whether Pye entered any agreement to conceal complaints.

### REQUEST TO ADMIT NO. 29:

Chapman did not enter any agreement to conceal any complaint made by Julie Doe-10.

**RESPONSE**:

Neither admit nor deny.  Plaintiff does not know whether Chapman entered any agreement to conceal complaints.

### REQUEST TO ADMIT NO. 30:

Julie Doe-10 did not ask Heidbreder to remove Jane Doe-10 from White's classroom.

**RESPONSE**:

Plaintiff is not able to admit or deny.  The communications between Julie Doe-10 and Heidbreder relating to White were extensive and are best explored through means of discovery deposition.  Heidbreder never offered to remove Jane Doe-10 from White's classroom.

Heidbreder at one point told the Does-10 & 11 that they should not report to him but should only report to White instead.

### REQUEST TO ADMIT NO. 31:

Jane Doe-10 never complained to Julie Doe-10 about White after Julie Doe-10 talked to Heidbreder and before Jon White left Normal School District.

**RESPONSE**:

Deny.

### REQUEST TO ADMIT NO. 32:

Julie Doe-10 never complained to any Defendant about White after Julie Doe-10 talked to Heidbreder and before Jon White left Normal School District.

**RESPONSE**:

Deny.

### REQUEST TO ADMIT NO. 33:

Following Julie Doe-10's alleged report to Heidbreder, and before Jon White left Normal School District, Julie Doe-10 never told any Defendant that White was still sexually harassing, grooming, or abusing Jane Doe-10, or words to that effect.

**RESPONSE**:

Deny.

### REQUEST TO ADMIT NO. 34:

Following Julie Doe-10's alleged report to Heidbreder, and before Jon White left Normal School District, Julie Doe-10 did not believe White was still sexually harassing, grooming, or abusing Jane Doe-10.

**RESPONSE**:

Deny.

### REQUEST TO ADMIT NO. 35:

Julie Doe-10 did not report to any Defendant that White told Julie Doe-10 "he refused to stop hugging his minor female students."

### RESPONSE:

Admit. It was actually Heidbreder who told Doe-10 that hugs were good because they were the only hugs these kids ever got. Heidbreder said this to Julie Doe-10 in his defense of White against her complaint.

### REQUEST TO ADMIT NO. 36:

Julie Doe-10 did not report to any Defendant that White told Julie Doe-10 "there was nothing wrong with his touching of female students."

### RESPONSE:

Deny.

### REQUEST TO ADMIT NO. 37:

Following Julie Doe-10's alleged report to Heidbreder about White and prior to December 31, 2006, Julie Doe-10 did not complain to any state or county authorities about White's alleged conduct.

### RESPONSE:

As of the time she reported to White, Braksick and Heidbreder, Julie Doe-10 was expecting the McLean School District to take appropriate corrective action.

### REQUEST TO ADMIT NO. 38:

Julie Doe-10 observed White hugging male and female students.

### RESPONSE:

Deny.

10

## REQUEST TO ADMIT NO. 39:

Julie Doe-10 observed White touching male and female students.

### RESPONSE:

Deny.

## REQUEST TO ADMIT NO. 40:

Braksick had no obligation to advise Julie Doe-10 of mandatory reporting requirements.

### RESPONSE:

Neither admit nor deny.  Julie Doe-10 cannot testify as to Braksick's obligations.

## REQUEST TO ADMIT NO. 41:

Pye had no obligation to advise Julie Doe-10 of mandatory reporting requirements.

### RESPONSE:

Neither admit nor deny.  Julie Doe-10 cannot testify as to Pye's obligations.

## REQUEST TO ADMIT NO. 42:

Chapman had no obligation to advise Julie Doe-10 of mandatory reporting requirements.

### RESPONSE:

Neither admit nor deny.  Julie Doe-10 cannot testify as to Chapman's obligations.

## REQUEST TO ADMIT NO. 43:

Heidbreder talked to White about Julie Doe-10's complaint concerning Jane Doe-10.

### RESPONSE:

Neither admit nor deny.  Julie Doe-10 cannot testify as to communication between White and Heidbreder.  Julie Doe-10 assumes Heidbreder talked to White.

### REQUEST TO ADMIT NO. 44:

Julie Doe-10 never talked to Braksick about White's alleged conduct.

### RESPONSE:

Deny.  Julie Doe-10, along with the Does-11, attempted to report to Principal Braksick but Braksick's secretary told her Braksick was "busy" and directed all of them to meet with Heidbreder.

### REQUEST TO ADMIT NO. 45:

Julie Doe-10 never talked to Pye about White.

### RESPONSE:

Deny.

### REQUEST TO ADMIT NO. 46:

Julie Doe-10 never talked to Chapman about White.

### RESPONSE:

Admit.

### REQUEST TO ADMIT NO. 47:

Pye never "defended White against" Julie Doe-10's report.

### RESPONSE:

Neither admit nor deny.  Julie Doe-10 does not know whether or how Pye defended White.

### REQUEST TO ADMIT NO. 48:

Chapman never "defended White against" Julie Doe-10's report.

**RESPONSE**:

Neither admit nor deny.  Julie Doe-10 does not know whether or how Chapman defended White.

### REQUEST TO ADMIT NO. 49:

Braksick never "defended White against" Julie Doe-10's report.

**RESPONSE**:

Neither admit nor deny.  Julie Doe-10 does not know whether or how Braksick defended White.

### REQUEST TO ADMIT NO. 50:

Pye never made any "statements in defense of White" to Julie Doe-10.

**RESPONSE**:

Admit.

### REQUEST TO ADMIT NO. 51:

Chapman never made any "statements in defense of White" to Julie Doe-10.

**RESPONSE**:

Admit.

### REQUEST TO ADMIT NO. 52:

Braksick never made any "statements in defense of White" to Julie Doe-10.

**RESPONSE**:

Admit.

## REQUEST TO ADMIT NO. 53:

The McLean County School District did not know White was removing female students from the After School Care program.

**RESPONSE**:

Deny.

## REQUEST TO ADMIT NO. 54:

The McLean County School District did not know White was removing Jane Doe-10 from the After School Care program.

**RESPONSE**:

Admit.  Jane Doe-10 did not attend After School.

## REQUEST TO ADMIT NO. 55:

The McLean County School District did not know White was "isolating" female students in his classroom.

**RESPONSE**:

Deny.

## REQUEST TO ADMIT NO. 56:

The McLean County School District did not know White was isolating female students for the purpose of sexual harassment, grooming or abuse.

**RESPONSE**:

Deny.

## REQUEST TO ADMIT NO. 57:

Braksick had no knowledge that White was isolating female students.

**RESPONSE**:

Deny.

### REQUEST TO ADMIT NO. 58:

Pye had no knowledge that White was isolating female students.

**RESPONSE**:

Neither admit nor deny.  Plaintiff does not know the content or extent of Pye's knowledge on this matter.

### REQUEST TO ADMIT NO. 59:

Chapman had no knowledge that White was isolating female students.

**RESPONSE**:

Neither admit nor deny.  Plaintiff does not know the content or extent of Chapman's knowledge on this matter.

### REQUEST TO ADMIT NO. 60:

Braksick had no knowledge that White was sexual harassing, grooming, or abusing female students.

**RESPONSE**:

Deny.

### REQUEST TO ADMIT NO. 61:

Pye had no knowledge that White was sexually harassing, grooming, or abusing female students.

**RESPONSE**:

Neither admit nor deny.  Plaintiff assumes their report about White's teacher-on-student sexual harassment and/or sexual grooming and/or sexual abuse was made known to most or all of the Defendants in the courses of their employments with McLean School District.

### REQUEST TO ADMIT NO. 62:

Chapman had no knowledge that White was sexual harassing, grooming, or abusing female students.

### RESPONSE:

Neither admit nor deny.  Plaintiff assumes their report about White's teacher-on-student sexual harassment and/or sexual grooming and/or sexual abuse was made known to most or all of the Defendants in the courses of their employments with McLean School District.

### REQUEST TO ADMIT NO. 63:

Julie Doe-10 has no evidence that during 2003-2004, White was blindfolding female students.

### RESPONSE:

Neither admit nor deny.  Julie Doe-10 cannot admit or deny evidence as it is a legal term and is subject to Court rulings at trial.

### REQUEST TO ADMIT NO. 64:

Julie Doe-10 has no evidence that during 2003-2004, White was showing female students sexually suggestive photographs.

### RESPONSE:

Neither admit nor deny.  Julie Doe-10 cannot admit or deny evidence as it is a legal term and is subject to Court rulings at trial.

### REQUEST TO ADMIT NO. 65:

Julie Doe-10 has no evidence that during 2003-2004, White was making comments on the appearance and sexual attractiveness of female students.

### RESPONSE:

Neither admit nor deny.  Julie Doe-10 cannot admit or deny evidence as it is a legal term and is subject to Court rulings at trial.

### REQUEST TO ADMIT NO. 66:

Julie Doe-10 has no evidence that during 2003-2004, White was viewing pornography on his classroom computer.

### RESPONSE:

Neither admit nor deny.  Julie Doe-10 cannot admit or deny evidence as it is a legal term and is subject to Court rulings at trial.

### REQUEST TO ADMIT NO. 67:

Julie Doe-10 has no evidence that during 2003-2004, White was playing the taste test game with female students.

### RESPONSE:

Neither admit nor deny.  Julie Doe-10 cannot admit or deny evidence as it is a legal term and is subject to Court rulings at trial.

PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 36, PLAINTIFF ACKNOWLEDGES A DUTY TO SEASONABLY SUPPLEMENT HER RESPONSES TO REQUESTS TO ADMIT.

Respectfully submitted:
JANE DOE-10, a Minor, through her mother and next Friend, JULIE DOE-10, Plaintiff,

By: Law Office of Ellyn J. Bullock

s\Ellyn Bullock

Ellyn J. Bullock, No. 6224579
Attorney for Plaintiff
Law Office of Ellyn J. Bullock
116 N. Chestnut Street, Suite 240
Champaign, IL 61820
Telephone: (217) 351-6156
Facsimile: (217) 351-6203

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| JANE DOE-10, a Minor, through her mother and<br>next Friend, JULIE DOE-10, and JULIE DOE-10,<br>JANE DOE-11, a Minor, through her parents and<br>next Friends, JOHN DOE-11 and JULIE DOE-11,<br>JOHN DOE-11 and JULIE DOE-11,<br><br>        Plaintiffs,<br><br>  .v.<br><br>JON WHITE, MCLEAN COUNTY UNIT<br>DISTRICT NO. 5 BOARD OF DIRECTORS,<br>JIM BRAKSICK, ALAN CHAPMAN,<br>DALE HEIDBREDER and JOHN PYE,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 08-1287<br>)<br>)  JURY TRIAL DEMANDED<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF JANE DOE-11'S RESPONSES TO
MCLEAN SCHOOL DISTRICT'S REQUESTS TO ADMIT**

NOW COMES the Plaintiff, JANE DOE-11, through her parents and next Friends, JOHN DOE-11 and JULIE DOE-11, by and through their attorney, Ellyn J. Bullock of Law Office of Ellyn J. Bullock, and in accordance with Federal Rule of Civil Procedure 36, gives her Responses to Requests to Admit propounded by Defendant MCLEAN COUNTY UNIT DISTRICT NO. 5 BOARD OF DIRECTORS as follows:

**REQUEST TO ADMIT NO. 1:**

Chapman had no knowledge of any complaint from the parents of Jane Doe-12 about White.

**RESPONSE:**

Plaintiff neither admits or denies as she does not know the extent of Chapman's knowledge of the Jane Doe-12 complaint.   Upon information and belief, the Jane Doe-12

complaint was made known to most or all of the Defendants in the course of their employment with McLean School District.

<u>REQUEST TO ADMIT NO. 2:</u>

Pye had no knowledge of any complaint from the parents of Jane Doe-12 about White.

<u>RESPONSE</u>:

Plaintiff neither admits or denies as she does not know the extent of Pye's knowledge of the Jane Doe-12 complaint. Upon information and belief, the Jane Doe-12 complaint was made known to most of all or the Defendants in the course of their employment with McLean School District.

<u>REQUEST TO ADMIT NO. 3:</u>

Braksick had no knowledge of any complaint from the parents of Jane Doe-12 about White.

<u>RESPONSE</u>:

Plaintiff neither admits or denies as she does not know the extent of Braksick's knowledge of the Jane Doe-12 complaint. Upon information and belief, the Jane Doe-12 complaint was made known to most or all of the Defendants in the course of their employment with McLean School District.

<u>REQUEST TO ADMIT NO. 4:</u>

John or Julie Doe-11 did not complain to Braksick about White's alleged sexual harassment, grooming, or abuse.

<u>RESPONSE</u>:

Deny.

<u>REQUEST TO ADMIT NO. 5:</u>

John or Julie Doe-11 did not complain to Pye about White's alleged sexual harassment, grooming, or abuse.

2

**RESPONSE**:

Admit.

## REQUEST TO ADMIT NO. 6:

John or Julie Doe-11 did not complain to Chapman about White's alleged sexual harassment, grooming, or abuse.

**RESPONSE**:

Admit.

## REQUEST TO ADMIT NO. 7:

John or Julie-Doe-11 did not tell Heidbreder that White had "sexually harassed" Jane Doe-11.

**RESPONSE**:

Deny.   The Does-11 report to Heidbreder included specific reports of actions that constitute sexual harassment.

## REQUEST TO ADMIT NO. 8:

John or Julie Doe-11 did not tell Heidbreder that White had "sexually abused" Jane Doe-11.

**RESPONSE**:

Deny.  The Does-11 report to Heidbreder did not use the words "sexual abuse" but the Does-11 report sought investigation of conduct relevant to the risk of sexual abuse.

## REQUEST TO ADMIT NO. 9:

John or Julie Doe-11 did not tell Heidbreder that White was "sexually grooming" Jane Doe-11.

3

**RESPONSE**:

Deny.  The Does-11 report to Heidbreder included specific reports of actions that constitute sexual grooming.

### REQUEST TO ADMIT NO. 10:

In March 2004, John or Julie Doe-11 did not believe White had sexually harassed Jane Doe-11.

**RESPONSE**:

Deny.

### REQUEST TO ADMIT NO. 11:

In March 2004, John or Julie Doe-11 did not believe White had sexually abused Jane Doe-11.

**RESPONSE**:

Plaintiff is not able to admit or deny.  In March, 2004, John and Julie Doe-11 had serious concerns about White's behaviors towards their daughter and wanted school officials to investigate and explore those concerns.  They raised concerns about specific misconduct that raised at least a risk of sexual abuse.

### REQUEST TO ADMIT NO. 12:

In March 2004, John or Julie Doe-11 did not believe White was sexually grooming Jane Doe-11.

**RESPONSE**:

Deny.

### REQUEST TO ADMIT NO. 13:

John or Julie Doe-11 did not report White's alleged conduct involving Jane Doe-11 to any state or county authorities prior to December 31, 2006.

**RESPONSE**:

Deny.

### **REQUEST TO ADMIT NO. 14:**

John or Julie Doe-11 did not complain to Heidbreder that White was hugging Jane Doe-11.

**RESPONSE**:

Deny.

### **REQUEST TO PRODUCE NO. 15:**

Hugging of minor females does not constitute sexual harassment.

**RESPONSE**:

Neither admit nor deny. John and Julie Doe-11 believe that unwanted hugging of minor female students is inappropriate and harmful and that it can constitute sexual grooming and/or sexual harassment depending on a number of factors and circumstances.

### **REQUEST TO ADMIT NO. 16:**

Hugging of minor females does not constitute sexual abuse.

**RESPONSE**:

Neither admit nor deny. John and Julie Doe-11 believe that unwanted hugging of minor female students is inappropriate and harmful and that it can constitute sexual grooming and/or sexual harassment depending on a number of factors and circumstances.

### **REQUEST TO ADMIT NO. 17:**

Hugging of minor females does not constitute sexual grooming.

**RESPONSE**:

Neither admit nor deny. John and Julie Doe-11 believe that unwanted hugging of minor female students is inappropriate and harmful and that it can constitute sexual grooming and/or sexual harassment depending on a number of factors and circumstances.

## REQUEST TO PRODUCE NO. 18:

Heidbreder did not report the substance of John or Julie Doe-11's complaint about White to Braksick.

**RESPONSE**:

Neither admit nor deny. Plaintiff does not know the substance of what Heidbreder reported to Braksick. Upon information and belief, Heidbreder reported to Braksick. As an independent matter, the parents attempted to report directly to Braksick all of their concerns.

## REQUEST TO ADMIT NO. 19:

Heidbreder did not report the substance of John or Julie Doe-11's complaint about White to Pye.

**RESPONSE**:

Neither admit nor deny. Plaintiff does not know the substance of what Heidbreder reported to Pye. Upon information and belief, Heidbreder reported to Pye.

## REQUEST TO ADMIT NO. 20:

Heidbreder did not report the substance of John or Julie Doe-11's complaint about White to Chapman.

**RESPONSE**:

Neither admit nor deny. Plaintiff does not know the substance of what Heidbreder reported to Chapman. Upon information and belief, the Does-10 & 11 complaint about White's misconduct was reported to most or all of the Defendants.

### REQUEST TO ADMIT NO. 21:

Pye did not have any knowledge that White had engaged in any conduct that would trigger a report under the Abused and Neglected Child Reporting Act while White was employed at Normal School District.

### RESPONSE:

Deny.  Upon information and belief, all Defendants violated mandated reporting duties.

### REQUEST TO ADMIT NO. 22:

Chapman did not have any knowledge that White had engaged in any conduct that would trigger a report under the Abused and Neglected Child Reporting Act while White was employed at Normal School District.

### RESPONSE:

Deny.  Upon information and belief, all Defendants violated mandated reporting duties.

### REQUEST TO ADMIT NO. 23:

Braksick did not have any knowledge that White had engaged in any conduct that would trigger a report under the Abused and Neglected Child Reporting Act while White was employed at Normal School District.

### RESPONSE:

Deny.  Upon information and belief, all Defendants violated mandated reporting duties.

### REQUEST TO ADMIT NO. 24:

Braksick did not enter any agreement not to make a mandated report on White.

### RESPONSE:

Deny.

### REQUEST TO ADMIT NO. 25:

Pye did not enter any agreement not to make a mandated report on White.

**RESPONSE**:

Neither admit nor deny.  Plaintiff does not know whether Pye entered any agreement as to mandated reporting.

## REQUEST TO ADMIT NO. 26:

Chapman did not enter any agreement not to make a mandated report on White.

**RESPONSE**:

Neither admit nor deny.  Plaintiff does not know whether Chapman entered any agreement as to mandated reporting.

## REQUEST TO ADMIT NO. 27:

Braksick did not enter any agreement to conceal any complaint made by John or Julie Doe-11.

**RESPONSE**:

Deny.

## REQUEST TO ADMIT NO. 28:

Pye did not enter any agreement to conceal any complaint made by John or Julie Doe-11.

**RESPONSE**:

Neither admit nor deny.  Plaintiff does not know whether Pye entered any agreement to conceal complaints.

## REQUEST TO ADMIT NO. 29:

Chapman did not enter any agreement to conceal any complaint made by John or Julie Doe-11.

**RESPONSE**:

Neither admit nor deny.  Plaintiff does not know whether Chapman entered any agreement to conceal complaints.

8

## REQUEST TO ADMIT NO. 30:

John or Julie Doe-11 did not ask Heidbreder to remove Jane Doe-11 from White's classroom.

**RESPONSE**:

Plaintiff is not able to admit or deny. The communications between John and Julie Doe-11 and Heidbreder relating to White were extensive and are best explored through means of discovery deposition.

## REQUEST TO ADMIT NO. 31:

Jane Doe-11 never complained to John or Julie Doe-11 about White after John or Julie Doe-11 talked to Heidbreder and before Jon White left Normal School District.

**RESPONSE**:

Deny.

## REQUEST TO ADMIT NO. 32:

John or Julie Doe-11 never complained to any Defendant about White after John or Julie Doe-11 talked to Heidbreder and before Jon White left Normal School District.

**RESPONSE**:

Deny.

## REQUEST TO ADMIT NO. 33:

Following Jon or Julie Doe-11's alleged report to Heidbreder, and before Jon White left Normal School District, John or Julie Doe-11 never told any Defendant that White was still sexually harassing, grooming, or abusing Jane Doe-11, or words to that effect.

**RESPONSE**:

Deny.

9

## REQUEST TO ADMIT NO. 34:

Following John or Julie Doe-11's alleged report to Heidbreder, and before Jon White left Normal School District, John or Julie Doe-11 did not believe White was still sexually harassing, grooming, or abusing Jane Doe-11.

**RESPONSE**:

Deny.

## REQUEST TO ADMIT NO. 35:

John or Julie Doe-11 did not report to any Defendant that White told Julie Doe-11 that "hugs were good because they were the only hugs these kids ever got."

**RESPONSE**:

Admit. It was actually Heidbreder who told Does-11 that hugs were good because they were the only hugs these kids ever got. Heidbreder said this to the Does-11 in his defense of White against the Does-11 complaint.

## REQUEST TO ADMIT NO. 36:

Following John or Julie Doe-11's alleged report to Heidbreder about White and prior to December 31, 2006, John or Julie Doe-11 did not complain to any state or county authorities about White's alleged conduct.

**RESPONSE**:

As of the time they reported to White, Braksick and Heidbreder, John and Julie Doe-11 were expecting the McLean School District to take appropriate corrective action.

## REQUEST TO ADMIT NO. 37:

John or Julie Doe-11 observed White hugging male and female students.

**RESPONSE**:

Deny. Does-11 only observed White hugging female students.

## REQUEST TO ADMIT NO. 38:

John or Julie Doe-11 observed White touching male and female students.

### RESPONSE:

Deny.  Does-11 only observed White touching female students.

## REQUEST TO ADMIT NO. 39:

Braksick had no obligation to advise John or Julie Doe-11 of mandatory reporting requirements.

### RESPONSE:

Neither admit nor deny.  John and Julie Doe-11 cannot testify as to Braksick's obligations.

## REQUEST TO ADMIT NO. 40:

Pye had no obligation to advise John or Julie Doe-11 of mandatory reporting requirements.

### RESPONSE:

Neither admit nor deny.  John and Julie Doe-11 cannot testify as to Pye's obligations.

## REQUEST TO ADMIT NO. 41:

Chapman had no obligation to advise John or Julie Doe-11 of mandatory reporting requirements.

### RESPONSE:

Neither admit nor deny.  John and Julie Doe-11 cannot testify as to Chapman's obligations.

## REQUEST TO ADMIT NO. 42:

Heidbreder talked to White about John or Julie Doe-11's complaint concerning Jane Doe-11.

**RESPONSE**:

Neither admit nor deny.  John and Julie Doe-11 cannot testify as to communication between White and Heidbreder.

### REQUEST TO ADMIT NO. 43:

John or Julie Doe-11 never talked to Braksick about White's alleged conduct.

**RESPONSE**:

Deny.  The Does-11 attempted to report to Principal Braksick but Braksick's secretary sent them to Assistant Principal Heidbreder instead.

### REQUEST TO ADMIT NO. 44:

John or Julie Doe-11 never talked to Pye about White.

**RESPONSE**:

Admit.

### REQUEST TO ADMIT NO. 45:

John or Julie Doe-11 never talked to Chapman about White.

**RESPONSE**:

Admit.

### REQUEST TO ADMIT NO. 46:

Pye never "defended White against" John or Julie Doe-11's report.

**RESPONSE**:

Neither admit nor deny.  John and Julie Doe-11 do not know whether or how Pye defended White.

### REQUEST TO ADMIT NO. 47:

Chapman never "defended White against" John or Julie Doe-11's report.

### RESPONSE:

Neither admit nor deny.  John and Julie Doe-11 do not know whether or how Chapman defended White.

### REQUEST TO ADMIT NO. 48:

Braksick never "defended White against" John or Julie Doe-11's report.

### RESPONSE:

Neither admit nor deny.  John and Julie Doe-11 do not know whether or how Braksick defended White.

### REQUEST TO ADMIT NO. 49:

Pye never made any "statements in defense of White" to John or Julie Doe-11.

### RESPONSE:

Admit.

### REQUEST TO ADMIT NO. 50:

Chapman never made any "statements in defense of White" to John or Julie Doe-11.

### RESPONSE:

Admit.

### REQUEST TO ADMIT NO. 51:

Braksick never made any "statements in defense of White" to John or Julie Doe-11.

### RESPONSE:

Admit.

13

**REQUEST TO ADMIT NO. 52:**

The McLean County School District did not know White was removing female students from the After School Care program.

**RESPONSE**:

Deny.

**REQUEST TO ADMIT NO. 53:**

The McLean County School District did not know White was removing Jane Doe-11 from the After School Care program.

**RESPONSE**:

Deny.

**REQUEST TO ADMIT NO. 54:**

The McLean County School District did not know White was "isolating" female students in his classroom.

**RESPONSE**:

Deny.

**REQUEST TO ADMIT NO. 55:**

The McLean County School District did not know White was isolating female students for the purpose of sexual harassment, grooming or abuse.

**RESPONSE**:

Deny.

**REQUEST TO ADMIT NO. 56:**

Braksick had no knowledge that White was isolating female students.

**RESPONSE**:

Deny.

### REQUEST TO ADMIT NO. 57:

Pye had no knowledge that White was isolating female students.

**RESPONSE**:

Neither admit nor deny.   Plaintiff does not know the content or extent of Pye's knowledge on this matter.

### REQUEST TO ADMIT NO. 58:

Chapman had no knowledge that White was isolating female students.

**RESPONSE**:

Neither admit nor deny.   Plaintiff does not know the content or extent of Chapman's knowledge on this matter.

### REQUEST TO ADMIT NO. 59:

Braksick had no knowledge that White was sexual harassing, grooming, or abusing female students.

**RESPONSE**:

Deny.

### REQUEST TO ADMIT NO. 60:

Pye had no knowledge that White was sexual harassing, grooming, or abusing female students.

**RESPONSE**:

Neither admit nor deny.  Plaintiff assumes their report about White's teacher-on-student sexual harassment and/or sexual grooming and/or sexual abuse was made known to most or all of the Defendants in the courses of their employments with McLean School District.

**REQUEST TO ADMIT NO. 61:**

Chapman had no knowledge that White was sexual harassing, grooming, or abusing female students.

**RESPONSE**:

Neither admit nor deny. Plaintiff assumes their report about White's teacher-on-student sexual harassment and/or sexual grooming and/or sexual abuse was made known to most or all of the Defendants in the courses of their employments with McLean School District.

**REQUEST TO ADMIT NO. 62:**

John or Julie Doe-11 have no evidence that during 2003-2004, White was blindfolding female students.

**RESPONSE**:

Neither admit nor deny. John and Julie Doe-11 cannot admit or deny evidence as it is a legal term and is subject to Court rulings at trial.

**REQUEST TO ADMIT NO. 63:**

John or Julie Doe-11 have no evidence that during 2003-2004, White was showing female students sexually suggestive photographs.

**RESPONSE**:

Neither admit nor deny. John and Julie Doe-11 cannot admit or deny evidence as it is a legal term and is subject to Court rulings at trial.

**REQUEST TO ADMIT NO. 64:**

John or Julie Doe-11 have no evidence that during 2003-2004, White was making comments on the appearance and sexual attractiveness of female students.

**RESPONSE**:

Neither admit nor deny. John and Julie Doe-11 cannot admit or deny evidence as it is a legal term and is subject to Court rulings at trial.

## REQUEST TO ADMIT NO. 65:

John or Julie Doe-11 have no evidence that during 2003-2004, White was viewing pornography on his classroom computer.

### RESPONSE:

Neither admit nor deny.  John and Julie Doe-11 cannot admit or deny evidence as it is a legal term and is subject to Court rulings at trial.

## REQUEST TO ADMIT NO. 66:

John or Julie Doe-11 have no evidence that during 2003-2004, White was playing the taste test game with female students.

### RESPONSE:

Neither admit nor deny.  John and Julie Doe-11 cannot admit or deny evidence as it is a legal term and is subject to Court rulings at trial.

PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 36, PLAINTIFF ACKNOWLEDGES A DUTY TO SEASONABLY SUPPLEMENT HER RESPONSES TO REQUESTS TO ADMIT.

Respectfully submitted:
JANE DOE-11, a Minor, through her
parents and next Friends, JOHN DOE-11
and JULIE DOE-11, Plaintiff,

By:  Law Office of Ellyn J. Bullock

s\Ellyn Bullock

Ellyn J. Bullock, No. 6224579
Attorney for Plaintiff
Law Office of Ellyn J. Bullock
116 N. Chestnut Street, Suite 240
Champaign, IL 61820
Telephone: (217) 351-6156
Facsimile: (217) 351-6203