August 3, 2009

***Via Regular Mail and Facsimile: 217-351-6203***
Ms. Ellyn J. Bullock
Law Office of Ellyn J. Bullock
116 North Chestnut, Suite 216
Champaign, IL  61820

IN RE:          Our File         01328-R3569
                Jane Doe, et al. v. McLean County Unit District No. 5, et al.

Dear Ellyn:

This letter is written with respect to Plaintiffs' discovery responses served on June 15, 2009.  As will be summarized below, we respectfully believe a number of these responses are insufficient and do not comply with the Federal Rules of Civil Procedure.

**GENERAL COMMENT - INTERROGATORY RESPONSES TO ALL INTERROGATORIES SERVED BY BRAKSICK, CHAPMAN, PYE, AND UNIT 5**

- **Interrogatory Responses to Interrogatories 2-16 by Braksick, Chapman, Pye, and interrogatory responses to interrogatories by Unit 5**. Plaintiffs' complaint makes a number of allegations regarding alleged conduct by the individual defendants. Many of the interrogatories were directed at determining Plaintiffs' basis for those allegations.  Rather than provide the requested information, Plaintiffs have made the following response throughout the interrogatories:

    Plaintiff incorporates by reference all of the information in her Initial Disclosures. Plaintiff also incorporates by reference all prior disclosures by any party in this case or related cases, Jane Doe-2 v. White, et al....and Jane Doe-3 v. White, et al...Plaintiff also incorporates by reference all of her disclosures in Answers to Interrogatories or in Responses to Requests to Produce propounded by other Defendants in this same matter.

    Investigation continues.

    Plaintiff is aware of her duty to supplement.

    The foregoing responses to each of the interrogatory responses do not comply with the federal rules of civil procedure as they do not provide the information that is being requested.  If, and to the extent Plaintiffs contend their answer is

Ms. Ellyn J. Bullock
File No. 01328-R3569
August 3, 2009
Page 2

responsive under Federal Rule of Civil Procedure 33(d), we would respectfully disagree with your position for multiple reasons.

As an initial matter, that rule applies only to "a party's business records", and not to the documents referenced in Plaintiffs' interrogatory responses. See, e.g., Melius v. National Indian Gaming Commission, 2000 WL 1174994, p. 1, fn. 2 (D.D.C. 2000)("the assertion that pleadings, depositions, or exhibits are 'business records' under this rule has been rejected by every court to consider it"). Second, even if the documents were "business records", numerous courts have held that Rule 33(d) does not apply when the interrogatory requests facts supporting allegations made in the complaint. See, e.g., In re Savitt/Adler Litigation, 176 F.R.D. 44, 49 (N.D.N.Y. 1997); United States Securities and Exchange Commission v. Elfindepan, 206 F.R.D. 574 (M.D.N.C. 2002)(Rule 33(d) may not be used as substitute for answering contention interrogatories). Finally, even if Rule 33(d) did apply, courts have also held that the responding party must specify the records in sufficient detail to enable the requesting party to locate the information that is being requested. Plaintiffs have failed to do so and have instead made a vague reference to the mass of documents that have been produced by Plaintiffs and others in this and other cases. Even if Rule 33(d) were applicable, such response does not comply with that rule. See, e.g., Davis v. City of Springfield, 2009 WL 268893 (C.D. Ill. 2009)(Cudmore); Dunkin' Donuts Inc. v. N.A.S.T., Inc., 428 F. Supp.2d 761 (N.D. Ill. 2005)(simply referring requesting party to "documents produced in this case" does not begin to meet the requirements of" Rule 33(d)); In re Sulfuric Acid Antitrust Litigation, 231 F.R.D. 320 (N.D. Ill. 2005)(referring to business records en masses, without specifying particular documents is "an abuse of the option" under Rule 33(d)); Hypertherm, Inc. v. American Torch Tip Co., 2008 WL 5423833 (D.N.H. 2008)("Rule 33(d) is not a means for a party to avoid answering interrogatories by making only a general reference to a mass of documents or records").

Pursuant to the foregoing, we ask that Plaintiffs provide information that is responsive to the respective interrogatories that were served by Defendants Unit 5, Chapman, Pye, and Braksick.

**INTERROGATORY RESPONSES TO PYE INTERROGATORIES**

In addition to the general comment above, the following applies to the interrogatory responses to Pye's interrogatories:

Ms. Ellyn J. Bullock
File No. 01328-R3569
August 3, 2009
Page 3

- **Interrogatory #7.** Plaintiffs are asked to identify facts relied upon to support the allegation that Pye entered into an agreement not to make mandated reports. Plaintiffs make a vague reference to documents and refer to their answers to Interrogatory 5 and 6, which has no information that is responsive to Interrogatory #7. We ask that Plaintiffs provide the information requested in interrogatory #7. If they have no responsive information, other than their "assumptions", they should so state.

- **Interrogatory #8.** This interrogatory asks for all facts relied on to support the allegation that Pye entered into an agreement to conceal the report and to conceal White's alleged harassment, grooming, or abuse. Plaintiffs' respond with the vague reference to documents (discussed above) and a discussion that has nothing whatsoever to do with Defendant Pye. If Plaintiffs' have any facts to support their allegation in paragraph 39 regarding Defendant Pye, those alleged facts should be provided in the interrogatory response.

- **Interrogatory #9.** Plaintiffs are asked to identify facts relied upon to support the allegation that Pye had actual knowledge of White's alleged harassment, grooming or abuse between 2003 and 2004 and to provide specific information regarding those alleged facts. Plaintiffs make a vague reference to documents and refer to their answers to Interrogatory 5 and 6, which has no information that is responsive to Interrogatory #9 other than reference to Heidbreder's normal police department interview. We ask that Plaintiffs provide all of the information requested in interrogatory #9.

- **Interrogatory #10.** Plaintiffs are asked to identify facts relied upon to support the allegation that Pye had knowledge of the Doe-12 parental complaint. Plaintiffs make a vague reference to documents, refers to their answers to Interrogatory 5, and 6 which has no information that is responsive to Interrogatory #10. Plaintiffs also refer to Heidbreder's Normal Police interview. We ask that Plaintiffs provide all of the information requested in interrogatory #10.

- **Interrogatory #12.** Plaintiffs are asked to identify any complaints they made after their respective parents allegedly complained to Heidbreder. They are likewise asked to identify: (1) the date the complaint was made; (2) to whom the complaint was made; (3) the substance of the complaint and the conduct

Ms. Ellyn J. Bullock
File No. 01328-R3569
August 3, 2009
Page 4

complained of; and (4) whether the complaint was communicated to any Defendant, the name of the defendant to whom the complaint was communicated, and the date of such complaint. Plaintiffs have failed to provide the information requested in the interrogatory. Please note that this same comment applies to Interrogatories served by Chapman and Braksick.

- **Interrogatory #13.** Plaintiffs are asked to identify facts relied upon to support the allegation that Pye concealed the Doe-12 complaint and to provide additional specific information regarding Pye's alleged knowledge of the alleged Doe-12 complaint. Plaintiffs make a vague reference to documents, refers to their answers to Interrogatory 5, 6, and 10 which has no information that is responsive to Interrogatory #13, and provides information that is wholly unrelated to the alleged Doe-12 complaint. We ask that Plaintiffs provide the information requested in Interrogatory #13.

**INTERROGATORY RESPONSES TO CHAPMAN INTERROGATORIES**

In addition to the general comment above, the following applies to the interrogatory responses to Chapman's interrogatories:

- **Interrogatory #6.** Plaintiffs are asked to identify facts relied upon to support their allegation that Heidbreder reported their parents' complaint to Chapman. Plaintiffs make a vague reference to documents and then state they "assume" Chapman was notified of their report. For reasons detailed above, Plaintiffs' vague reference to documents does not comply with Rule 33(d). We ask that Plaintiffs provide the information requested in Interrogatory #6. If they have no responsive information, other than their "assumption", they should so state.

- **Interrogatory #7.** Plaintiffs are asked to identify facts relied upon to support the allegation that Chapman entered into an agreement not to make mandated reports. Plaintiffs make a vague reference to documents and refer to their answers to Interrogatory 5 and 6, which has no information that is responsive to Interrogatory #7 other than "assumptions" that Chapman was notified of the Doe-10 and 11 report. We ask that Plaintiffs provide the information requested in interrogatory #7. If they have no responsive information, other than their "assumption", they should so state.

Ms. Ellyn J. Bullock
File No. 01328-R3569
August 3, 2009
Page 5

- **Interrogatory #8.** This interrogatory asks for all facts relied on to support the allegation that Chapman entered into an agreement to conceal the report and to conceal White's alleged harassment, grooming, or abuse. Plaintiffs' respond with the vague reference to documents (discussed above) and a discussion that has nothing whatsoever to do with Defendant Chapman. If Plaintiffs' have any facts to support their allegation in paragraph 39 regarding Defendant Chapman, those alleged facts should be provided in the interrogatory response.

- **Interrogatory #9.** Plaintiffs are asked to identify facts relied upon to support the allegation that Chapman had actual knowledge of White's alleged harassment, grooming or abuse between 2003 and 2004 and to provide specific information regarding those alleged facts. Plaintiffs make a vague reference to documents and refer to their answers to Interrogatory 5, 6, and 8, which has no information that is responsive to Interrogatory #9 other than "assumptions" that Chapman was notified of the Doe-10 and 11 report. We ask that Plaintiffs provide the information requested in interrogatory #9. If they have no responsive information, other than their "assumption", they should so state.

- **Interrogatory #10.** Plaintiffs are asked to identify facts relied upon to support the allegation that Chapman had knowledge of the Doe-12 parental complaint. Plaintiffs make a vague reference to documents, refers to their answers to Interrogatory 5, 6, and 8, which has no information that is responsive to Interrogatory #10, and states the Plaintiffs assume Chapman was notified of the Doe-12 report. We ask that Plaintiffs provide the information requested in interrogatory #10. If they have no responsive information, other than their "assumption", they should so state.

- **Interrogatory #14.** Plaintiffs are asked to identify facts relied upon to support the allegation that Chapman concealed the Doe-12 complaint and to provide additional specific information regarding Chapman's alleged knowledge of the alleged Doe-12 complaint. Plaintiffs make a vague reference to documents, refers to their answers to Interrogatory 5, 6, 8, and 10 which has no information that is responsive to Interrogatory #14, and provides information that is wholly unrelated to the alleged Doe-12 complaint. We ask that Plaintiffs provide the information requested in Interrogatory #14. If they have no responsive information, other than their "assumption", they should so state.

Ms. Ellyn J. Bullock
File No. 01328-R3569
August 3, 2009
Page 6

**INTERROGATORY RESPONSES TO BRAKSICK INTERROGATORIES**

In addition to the general comment above, the following applies to the interrogatory responses to Braksick's interrogatories:

- **Interrogatory #7.** Plaintiffs are asked to identify facts relied upon to support the allegation that Braksick entered into an agreement not to make mandated reports. Plaintiffs make a vague reference to documents and refer to their answers to Interrogatory 5 and 6, which has no information that is responsive to Interrogatory #7. We ask that Plaintiffs provide all of the information requested in interrogatory #7.

- **Interrogatory #8.** This interrogatory asks for all facts relied on to support the allegation that Braksick entered into an agreement to conceal the report and to conceal White's alleged harassment, grooming, or abuse. Plaintiffs' respond with the vague reference to documents (discussed above) and refer to their answers to interrogatories 5 and 6. If Plaintiffs' have any facts to support their allegation in paragraph 39 regarding Defendant Braksick, those alleged facts should be provided in the interrogatory response.

- **Interrogatory #9.** Plaintiffs are asked to identify facts relied upon to support the allegation that Braksick had actual knowledge of White's alleged harassment, grooming or abuse between 2003 and 2004 and to provide specific information regarding those alleged facts. Plaintiffs make a vague reference to documents and refer to their answers to Interrogatory 5, and 6 which has no information that is responsive to Interrogatory #9. We ask that Plaintiffs provide all of the information requested in interrogatory #9.

- **Interrogatory #10.** Plaintiffs are asked to identify facts relied upon to support the allegation that Braksick had knowledge of the Doe-12 parental complaint. Plaintiffs make a vague reference to documents, and refers to their answers to Interrogatory 5, and 6 which has no information that is responsive to Interrogatory #10. We ask that Plaintiffs provide all of the information requested in interrogatory #10.

- **Interrogatory #13.** Plaintiffs were asked to identify facts relied on to support that allegation that prior to March 2004, parents of Jane Doe-12 complained to

Ms. Ellyn J. Bullock
File No. 01328-R3569
August 3, 2009
Page 7

    Braksick and Heidbreder about White and to provide additional information with respect to each alleged fact. Plaintiffs make a vague reference to documents, refers to their answers to Interrogatory 5, 6, and 10 which has no information that is responsive to Interrogatory #13. We ask that Plaintiffs provide the information requested in Interrogatory #13. If they have no responsive information, other than their "assumption", they should so state.

- **Interrogatory #16.** Plaintiffs are asked to identify facts relied upon to support the allegation that Braksick concealed the Doe-12 complaint and to provide additional specific information regarding Braksick's alleged knowledge of the alleged Doe-12 complaint. Plaintiffs make a vague reference to documents, refers to their answers to Interrogatory 5, 6, and 10 which has no information that is responsive to Interrogatory #16, and provides information that is wholly unrelated to the alleged Doe-12 complaint. We ask that Plaintiffs provide the information requested in Interrogatory #16. If they have no responsive information, other than their "assumption", they should so state.

- **Interrogatory #18.** Plaintiffs are asked to identify each conversation they allege their parents had with Braksick at any time between 2003 and 2005 regarding White and to provide specific information regarding any alleged conversations. Plaintiffs make a vague reference to documents, and provide no information that is responsive to the question. If Plaintiffs' parents had no conversations with Braksick regarding White between 2003 and 2005, they should so state.

**INTERROGATORY RESPONSES TO UNIT 5 INTERROGATORIES**

    In addition to the general comment above, the following applies to the interrogatory responses to Unit 5's interrogatories:

- **Interrogatory #4.** Plaintiffs' responses are insufficient to the extent Doe-10 and 11 can identify and name witnesses to the alleged conduct.

- **Interrogatory #5.** Plaintiffs' responses fail to identify any persons with knowledge concerning their claimed injuries or damages. We acknowledge Plaintiffs may retain an expert; is that the only person with knowledge regarding Plaintiffs' damages?

Ms. Ellyn J. Bullock
File No. 01328-R3569
August 3, 2009
Page 8

- **Interrogatory #9.** Plaintiffs' response is insufficient as it fails to identify whether they have suffered physical or emotional injury on "any occasion other than the incident herein, whether before or after said incident."

- **Interrogatory #11.** Plaintiffs were asked to "identify" medical providers. Although names of providers were given, Plaintiffs have failed to provide all of the information requested in the interrogatory. They have also failed to provide the address of the medical provider. Furthermore, Plaintiff Doe-11 refers to a Dr. Kramer and Dr. French in response to Interrogatory #24, but fails to identify these physicians or their addresses in response to Interrogatories 9 or 11. Please provide the information requested for these medical providers.

- **Interrogatory #12.** Plaintiffs were asked to list all bills claimed to have been incurred as a result of medical care provided to the Plaintiffs as a result of the incident. Additional information is requested with respect to the bills. No responsive information has been provided.

- **Interrogatory #15.** Plaintiffs are asked to describe any other damages. Plaintiffs state they have suffered "education" injuries, but fail to identify the nature of those injuries.

- **Interrogatory #24.** Plaintiffs' response is not responsive.

**RESPONSE TO REQUEST TO PRODUCE**

- General Comment regarding all responses to the request to produce. In response to each request to produce, Plaintiffs make the following statement:

    Plaintiff incorporates by reference all of the information in her Initial Disclosures. Plaintiff also incorporates by reference all prior disclosures by any party in this case or related cases...Plaintiff also incorporates by reference all of her disclosures in Answers to Interrogatories or in Reponses to Requests to Admit or in Responses to Requests to Produce propounded by other Defendants in this same matter. Investigation continues...

    This response does not comply with the Federal Rules of Civil Procedure. Rule 34(b)(2)(E) provides that responsive documents must be produced "as they are

Ms. Ellyn J. Bullock
File No. 01328-R3569
August 3, 2009
Page 9

kept in the usual course of business or must organize and label them to correspond to the categories in the request." Plaintiffs' general reference to a mass of documents is clearly not responsive as it does not identify the documents that correspond to the document request. If there are documents which are responsive to the numbered request to produce, please specifically identify those documents.

- **Request to Produce #34**: Plaintiffs' response is not responsive. If there are any bills, invoices, etc. relating to alleged expenses or damaged incurred, those would be presumably available and should be produced at this time.

- **Request to Produce #36.** Plaintiffs are asked to produce photographs, etc. of them taken or created from one year prior to the date of the incident to the present. Plaintiffs respond that they have previously provided photographs from the time period requested, but they object to producing all such photographs, etc. as it is overbroad. Plaintiffs should not be allowed to pick and choose those photographs that they wish to produce. We would ask that they produce the materials requested in Request to Produce #36.

**RESPONSE TO REQUEST TO ADMIT**

- **Request to Admit #4.** Plaintiffs are requested to admit that Plaintiffs' parents did not complain to Braksick about White's alleged sexual harassment, grooming, or abuse. Plaintiffs deny this request, while stating throughout their interrogatory responses that they *never* met with Braksick to complain about White. The answers are either inconsistent or Plaintiffs are relying on some hyper-technical and inconceivable definition of "complaint". Likewise in their Response to Request to Admit #44, Plaintiffs deny their parents never talked to Braksick about White's alleged conduct, while conceding in the next sentence that they did not, in fact, "talk" with Braksick.

- **Request to Admit #11**. Plaintiffs are requested to admit that in March 2004, Plaintiffs' parents did not believe White had sexually abused them. Plaintiffs respond that they are not "able to admit or deny." This response does not comply with Rule 36 and we would ask that Plaintiffs' amend their response accordingly.

Ms. Ellyn J. Bullock
File No. 01328-R3569
August 3, 2009
Page 10

- **Request to Admit #30.** Plaintiffs are requested to admit that their parents never asked Heidbreder to remove them from White's classroom. Plaintiffs respond that they "are not able to admit or deny" and that a response "is best explored through means of discovery deposition." There is no conceivable reason why this Request to Admit cannot be answered. Either the parents asked Heidbreder to remove their children from the classroom or they did not. Please provide a response that complies with Rule 36.

- **Request to Admit #33.** Plaintiffs deny that their parents never told any Defendant that White was still sexually harassing, grooming, or abusing the Plaintiffs after their alleged reports to Heidbreder. Notwithstanding this denial, the Plaintiffs have not identified any such communications to any Defendant in their responses to interrogatories. If such communications were made to any Defendant, please supplement the interrogatory response(s). If no such communications were made, please amend the response to the request to admit.

- **Request to Admit #36.** Plaintiff denies that Julie Doe-10 did not report to any Defendant that White told Julie Doe-10 "there was nothing wrong with his touching of female students." Notwithstanding this denial, the Plaintiffs have not identified any such communication to any Defendant in their responses to interrogatories. If such communication was made to any Defendant, please supplement the interrogatory response(s). If no such communications were made, please amend the response to the request to admit.

- **Request to Admit #63-67.** Plaintiffs are asked to admit they have no evidence regarding certain factual allegations. Plaintiffs respond that they can neither admit nor deny evidence as it is a legal term and is subject to Court rulings at trial. Plaintiffs' response does not comply with Rule 36.

For the foregoing reasons, and pursuant to Federal Rule of Civil Procedure 37(a)(1), we would ask that Plaintiffs supplement their discovery responses no later than August 12, 2009. If you would like to discuss the foregoing issues by phone prior to that date, please contact us to arrange a date for discussion on or before August 11, 2009. I am hopeful that we can resolve these discovery issues amicably, and without resort to court intervention.

Ms. Ellyn J. Bullock
File No. 01328-R3569
August 3, 2009
Page 11

Thank you for your attention to this matter.

Very truly yours,

HEYL, ROYSTER, VOELKER & ALLEN

BY:
James C. Kearns
Tamara K. Hackmann
P.O. Box 129
Urbana, IL 61803-0129
Telephone    217.344.0060, ext. 226
Facsimile    217.344.9295
jkearns@heylroyster.com
thackmann@heylroyster.com

cc:    Mr. Peter Brandt
       Mr. Brett Olmstead

14779007_1.DOCX