# Law Office of ELLYN J. BULLOCK, LLC

PHYSICAL ADDRESS · 116 N. Chestnut St., Suite 240, Champaign, IL 61820
TELEPHONE 217.351.6156 · EMAIL ADDRESS ellyn.bullocklaw@comcast.net
FACSIMILE 217.351.6203 · WEBSITE ADDRESS www.ellynbullocklaw.com

August 11, 2009

**VIA FACSIMILE ONLY @ (217) 344-9295**
Tamara K. Hackmann, Esq.
Heyl, Royster, Voelker & Allen
102 E. Main Street, Suite 300
P. O. Box 129
Urbana, IL 61803-0129

    Re:    *Jane Doe-10, Jane Doe-11, et al. v White, et al.*, 08-1287

Dear Tamara:

    I am in receipt of your letter of August 3, 2009 regarding Plaintiffs' discovery responses in the above referenced matter. I understand some of your concerns as possibly valid and will endeavor to supplement Plaintiffs' discovery accordingly, but I will need some time to work with my clients to do so. Specifically, I agree to supplement the following matters as requested by you in your August 3, 2009 letter:

1. Braksick Interrogatories 10, 13 and 16. Plaintiffs will specifically supplement by specific reference to Jon White's recently submitted Answers to Interrogatories. Plaintiffs received these Answers to Interrogatories on or about August 3, 2009.

2. District Interrogatories 5, 11, 12 and 36. Plaintiffs will specifically supplement.

    As Plaintiffs' attorney, I will work on supplementing as above stated. I hope to obtain relevant information from my clients within the next several weeks. Please let me know if it is agreeable to you that I supplement as above agreed prior to September 14, 2009.

    As to the other objections and comments in your August 3, 2009 letter, I do not agree that Plaintiffs' discovery was incomplete as you suggest. I feel Plaintiffs have complied with all applicable Federal Rules of Civil Procedure and all Local Rules.

    Reference to previously produced documents is a forthright and efficient means of complying with discovery obligations. Obviously, if a document or information has been previously produced under Rule 26 or by subpoena or under oath, a party may decline to re-produce the information or document. There is nothing in the federal rules that would require a

Tamara K. Hackmann, Esq.
Heyl, Royster, Voelker & Allen
August 11, 2009
Page 2

party to re-produce or regurgitate or re-state or remind other parties of previously produced information.

Plaintiffs cannot produce or control information in the custody of their opponents. Therefore, sometimes their Answers to Interrogatories necessarily refer to assumption, especially if the Answer is to an Interrogatory requesting the basis of an allegation in the Complaint that involves information necessarily in the control of the opposing party. The Advisory Committee Notes to Rule 11 states recognition "that sometimes a litigant may have a good reason to believe a fact is true or false, but may need discovery, formal or informal, from opposing parties or third persons to gather and confirm the evidentiary basis for the allegation." Fed. R. Civ. P. 11 Adv. Note.

I believe much of the information your letter seeks, and that your discovery requests sought falls into this category of information controlled by others, and as such, Plaintiffs cannot produce it. My clients do not have a lot of the relevant information but have assiduously and honestly given full accounts of the information they do control. Communications between different and various defendants is a good example of the type of information that falls into this category.

I note that recently you raised this same issue as to Plaintiffs' discovery on issues related to communications between Defendants in your Objection to plaintiffs' Motion for Leave to File Instanter First Amended Complaint. Judge Cudmore reviewed Plaintiffs' Answers to Interrogatories and Responses to Requests to Produce attached as Exhibits to your Objections and found "no bad faith, undue delay, or dilatory motive on behalf of the Plaintiffs." Text Order of August 7, 2009.

Please advise whether you can allow me through September 14, 2009 to supplement Plaintiffs' discovery as outlined above.

Very truly yours,

s\Ellyn Bullock
Ellyn J. Bullock

EJB/mv
cc (via facsimile):   Brett N. Olmstead, Esq./Lindsay B. Kearns, Esq. @ (217) 328-0290
                      Peter W. Brandt, Esq. @ (309) 827-3432