E-FILED
Tuesday, 22 September, 2009 10:40:46 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| JANE DOE, 10, a minor, through her mother and next friend, Julie Doe, 10 JULIE DOE, 10, JANE DOE, 11, a minor, through her parents and next friends, Jane and John Doe 11, JANE DOE, 11 and JOHN DOE, 11 | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 08-CV-1287 |
| JON WHITE, MCLEAN COUNTY UNIT DISTRICT NO. 5 BOARD OF DIRECTORS, JIM BRAKSICK, ALAN CHAPMAN, DALE HEIDBREDER, and JOHN PYE, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## OPINION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

Defendants have moved to compel responses to their discovery requests (d/e 109). For the reasons below, Defendants' motion is granted in part and denied in part.

**Standard**

Federal Rule of Civil Procedure 26(b)(1) provides that the "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." A party may seek an order compelling disclosure when an opposing party has failed to respond or has provided evasive or incomplete responses. Fed.R.Civ.P. 37(a). District courts have broad discretion in matters relating to discovery and "should independently determine the proper course of discovery based upon the arguments of the parties." Gile v. United Airlines Inc., 95 F.3d 492, 496 (7th Cir.1996).

**Analysis**

**I. "En Masse" Reference to Prior Discovery Production**

Plaintiff responded to most of Defendants' interrogatory requests[1] and requests for production with the following paragraph:

> Plaintiff incorporates by reference all of the information in her Initial Disclosures. Plaintiff also incorporates by reference all prior disclosures by any party in this case or related cases, Jane Doe-2 v. White, et al., United States District Court for the Central District of Illinois, Urbana Division, Case no. 08-2169, and Jane Doe-3 v. White et al., Champaign County Case No. 08-L-209. Plaintiff also incorporates by reference all of her disclosures in Answers to Interrogatories or in Responses to Requests to Admit or in Responses to Requests to Produce propounded by other Defendants in this same matter.

---

[1] The interrogatories are filed under seal at d/e's 106-108.

Investigation continues.

Plaintiff is aware of her duty to supplement.[2]

Defendants submit that this "en masse" reference to discovery already produced in this and other cases does not comply with the Federal Rules of Civil Procedure. They contend that "[s]uch response is no response at all and makes it impossible for Defendants to know what facts Plaintiff relied on to form the basis of the allegations in their complaint." (d/e 110, p.2).

Plaintiffs disagree, countering that they have already produced documents to the same attorneys in those other cases involving victims of White.[3] Specifically, Plaintiffs have already produced a disc that they received from the Champaign County State's Attorney's Office which contains thousands of pages (Bates 80-3799) regarding White's criminal investigation and prosecution. Documents relevant to the McClean County State's Attorney's investigation of White have also been produced and shared among all the same attorneys. According to Plaintiffs, the

---

[2] Response to the Unit 5's Request to Produce No. 1, attached to d/e 109. This same paragraph is used throughout Plaintiff's responses to Defendants' interrogatories and requests for production.

[3] Jane Doe 2 v. White et al., 08-2169 (U.S. District Court, C.D. Ill.)(Urbana), and Jane Doe-e v. White et al., 08-L-209 (Champaign County).

information on the disc is "not organized in a particular fashion nor are they necessarily separated in McLean v. Champaign categories. Nor are they separated by victim." (d/e 123 p. 3). Plaintiffs assert that some documents on the disc could be relevant to one or more cases, or perhaps no cases at all, and that, "[i]n good faith, attorney Bullock cannot parse the disc documents and apply them narrowly to specific cases at this time." (d/e 123 p.3). Plaintiffs have also received discovery from Defendant White which includes videotaped police interviews for which "[t]here is no way to parse . . . and apply their relevance to a narrowly defined discovery request." (d/e 123 p.5).

The Court has reviewed the discovery requests and agrees with Defendants that Plaintiff's stock paragraph is not responsive. It gives no useful information. As Defendants say, the response leaves them "guessing" about which evidence produced previously, if any, Plaintiffs believe support their claims. The response does not answer each interrogatory "separately and fully," Fed. R. Civ. P. 33, nor does it identify documents with the specificity required by Fed. R. Civ. P. 34, s*ee* Davis v. City of Springfield, 2009 WL 268893 * 7 (C.D.Ill. 2009, Magistrate Judge

Cudmore)(general reference to disclosures and other documents insufficient)(not reported in F.Supp.2d).

Plaintiffs may not be able to presently identify every piece of relevant evidence they have in their possession, but they ought to be able to provide a more focused response than their blanket, vague reference to all discovery produced thus far.  For example, if documents on the disc are responsive, those documents can be described by Bates stamp or by other sufficient description.  Similarly, prior discovery production can be identified by a specific description of the disclosure or document at issue.

The Court agrees with Defendants that Federal Rule of Civil Procedure 33(d) does not permit Plaintiffs' stock response.  Rule 33(d) provides:

> **(d) Option to Produce Business Records**.  If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:
>
> (1)     specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and

(2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

Plaintiffs are not businesses, so they do not have "business records." The documents that Plaintiffs received from the State's Attorney's Office are not *Plaintiffs'* business records. See 1970 Comment to Fed. R. Civ. P. 33(c)(now 33(d))("This is a new subdivision, . . ., relating especially to interrogatories which require a party to engage in burdensome or expensive research into *his own* business record in order to give an answer.")(emphasis added); Beesley v. International Paper Co., 2008 WL 3992686 *1 (S.D. Ill. 2008)("the documents that are referenced in plaintiffs' answers are not their own business records, which is what the Rule contemplates."). Plaintiffs cannot use Rule 33(d) to shift their obligation to review the information they received from a nonparty to the Defendants.

Further, as Defendants point out, even if Plaintiffs' prior disclosed discovery could be characterized as Plaintiffs' business records, Plaintiffs' response does nothing to "specify[ ] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could . . . ." Fed. R. Civ. P. 33(d)(1) and

Comment to 1980 Amendment ("a responding party has the duty to specify, by category and location, the records from which the interrogatories can be derived"); *see also* Davis v. City of Springfield, 2009 WL 268893 *8 (reference to business records must specifically describe relevant records); Dunkin' Donuts Inc. v. N.A.S.T., Inc., 428 F.Supp.2d 761, 770 (N.D. Ill. 2005)("documents produced" was insufficient detail under Rule 33(d)). The same goes for the production of documents under Fed. R. Civ. P. 34. *See* Fed. R. Civ. P. 34(b)(2)(E)(i)("party must . . . organize and label them to correspond to the categories in the request.")[4]; In re Sulfuric Acid Antitrust Litigation, 231 F.R.D. 351, 363-64 (N.D. Ill. 2005)(responding parties cannot "dump massive amounts of documents, . . . on their adversaries and demand that they try to find what they are looking for.").

The Court accordingly concludes that Plaintiffs' general reference to all other discovery already produced is nonresponsive. Defendants' motion to compel will therefore be granted on this score. Plaintiffs will be directed to provide sufficiently detailed responses that comply with their duties

---

[4]Plaintiffs are not businesses, so Rule 34(b)(2)(E)(i)'s statement about producing the documents "as they are kept in the usual course of business" does not apply. In any event, Plaintiffs' blanket reference to everything previously produced would not satisfy Rule 34.

under the federal rules.[5]

## II. Specific Interrogatories

In addition to objecting generally to the stock response, Defendants object in particular to the following more detailed responses to specific interrogatories.

### A. Defendant Pye's Interrogatory 12

In paragraph 45 of their original Complaint, Plaintiffs allege that White continued to engage in sexual misconduct against the minors after their parents' initial report to administrators. In interrogatory 12, Defendants ask:

> With respect to paragraph 45, identify any complaint made by Jane Doe-10 [Jane Doe-11][6] of any alleged continued abuse, harassment, or grooming. With respect to each such complaint made after Julie Doe-10 [Julie or John Doe-11] allegedly complained to Heidbreder, identify: (1) the date the complaint was made, (2) to whom the complaint was made, (3) the substance of the complaint and the conduct complained of, and (4) whether the complaint was communicated to any Defendant, the name of the defendant to whom the complaint was communicated, and the date of such complaint.

(d/e 106, p. 11 of Response to Pye's Interrogatories, filed under seal).

---

[5]Some of Plaintiffs' responses already provide some detail in addition to the nonresponsive paragraph.

[6]The Court adds the bracketed material to show that an identical request was sent to the other plaintiff.

Plaintiffs answered with the stock paragraph and referred Defendants to Plaintiffs' answers to interrogatories 5, 6 and 8. However, interrogatories 5, 6 and 8 deal with the parents' initial report to Heidbreder and Braksick of White's misconduct and White's response that evening in a phone call to one of the parents. They do not address what complaint the minor Plaintiffs made, if any, *after* that initial report. Answers to interrogatories 5, 6 and 8 are therefore not responsive to interrogatory 12.

The rest of Plaintiffs' response to interrogatory 12 states:

> White's teacher-on-student sexual harassment and/or sexual grooming and/or sexual abuse did not stop after the Does-10 & 11 reported to Heidbreder. It continued and worsened until the end of the 2003-2004 school year.
>
> Heidbreder and White and Braksick all refused to limit or stop White's misconduct. White told the parents he would not stop. As a matter of circumstantial reference, other acts of White's teacher-on-student sexual harassment accumulated very quickly after the Does-10 & 11 report. The following school year (2004-2005) brought escalating teacher-on-student sexual harassment and/or sexual grooming and/or sexual abuse by the emboldened White aided and abetted by his McLean School District supervisors.

(d/e 106, p. 11 of Response to Pye's Interrogatories, filed under seal). This part is also nonresponsive because it does not answer what *complaints*, if any, Plaintiffs made after the initial report of misconduct. Accordingly,

Page 9 of 16

Plaintiffs will be directed to provide a supplemental response to this interrogatory 12.

### B. Unit 5's Interrogatory 4

The School District ("Unit 5") asks Plaintiffs' to

> identify each person known or believed to have been present at the time of the incident, or within a half an hour of the incident, including, but not limited to eyewitnesses. Indicate which of these persons are believed to be eyewitnesses.

(d/e 108, Unit 5's Interrogatories 4 to Jane Doe-10 and Jane Doe-11).

Plaintiffs answered with their stock paragraph, which is nonresponsive for the reasons discussed above. Plaintiffs contend that they already provided a list of witnesses in their initial disclosures, but general reference to disclosures does not suffice. *See* Davis v. City of Springfield 2009 WL 268893 * 5 ("Defendant may not cite generally to its Initial Disclosures, but must supplement its response to specifically identify which witnesses listed in its Initial Disclosures are responsive . . . ."). Plaintiffs do identify White as a witness, but general reference to the faculty, school visitors and classmates is not responsive. If Plaintiffs do not presently know the identity of the eyewitnesses (other than White and the minors), then they must say so. If further investigation uncovers the identities of additional witnesses, they may supplement their response.

### C. Unit 5's interrogatories 9, 15 and 24

Unit 5's interrogatory 9 asks what other physical or emotional injuries the claimant has suffered "*other* than the incident herein." Plaintiffs' stock response is nonresponsive, as discussed above. Jane Doe-10 does identify some specific emotional harm resulting from the incident, but she does not answer whether she has suffered physical or emotional injuries attributable to *other* incidents. Jane Doe-11 identifies the medical clinics where she has received pediatric care, but that does not answer the question. Plaintiffs will therefore be directed to supplement this response.

Unit 5's interrogatory 15 asks about damages other than those identified in prior interrogatories. Plaintiffs respond that severe personal, emotional and educational injuries have resulted, but this is too vague and conclusory. Jane Doe-10 does not identify what damages *other* than those already identified have been suffered. Jane Doe-11 does identify a possible additional damage, but she does not say whether she knows of any other damages. The Court understands that Plaintiffs are still evaluating their damages, but they should be able to clarify whether, at this point, they know of any other damages than those already identified.

Unit 5's interrogatory 24 asks what facts support Plaintiffs' claims for educational harm, the date of the educational harm, and the witnesses Plaintiffs rely on to establish that harm.  Plaintiffs' stock response is insufficient, but Plaintiffs do state that Jane Doe-10 does "pretty well in school" but has "ongoing trouble with male teachers."  Jane Doe-10 gives an example of seeking a transfer from a male teacher to a female teacher in a certain grade.  Jane Doe-11 also answers that she does well academically but that she has been diagnosed with hyperactivity.  The Court believes that these responses sufficiently answer the questions, except to the extent Defendants asks for the names of witnesses to establish education harm.  Jane Doe-10 and her mother would obviously be witnesses to her difficulty with male teachers, but the names of the teachers and administrators are not listed.  Jane Doe-11 lists the doctors who have diagnosed her with hyperactivity, but not their full names.  Accordingly, Plaintiffs will be directed to supplement this response.

### III.  Unit 5's Request to Produce 36

In Unit 5's request to produce 36, they ask for

All photographs, videotapes, audiotapes, slides or films of claimant taken or created at any time from one year prior to the date of the incident to the present.

(d/e 109, p. 18 of attached requests to produce).

Plaintiffs answered with their stock response, but also stated that:

Plaintiff has previously provided photographs from the time period requested. The request for all photographs, videotapes, audiotapes, slides or films of Jane Doe-10 [Jane Doe-11] is too broad. She is a beloved little girl and there are numerous photographs which include her.

(d/e 109, p. 19 of attached requests to produce).

Plaintiffs do not address this request in their response. The Court agrees with Defendants that Plaintiffs cannot be selective about what pictures they produce. Defendants make a good point that "[t]o hold otherwise would mean Plaintiffs could produce only those photographs reflecting them in a less happy mood while withholding photographs and other requested items reflecting them as happy children." (d/e 110, p. 10). The request does cover a large time frame (apparently about 7 years, from 2002 to the present), but on this record there is no factual basis to conclude that compliance would be unduly burdensome or expensive, or that the production would "outweigh[] its likely benefit." Fed. R. Civ. P. 26(b)(2)(C)(iii). Production is ordered.

## IV. Unit 5's Request to Admit 11

Request to Admit 11 states: "In March 2004, Julie Doe-10 [John or Julie Doe 11] did not believe White had sexually abused Jane Doe 10

[Jane Doe 11]." (d/e 109, p. 4 of attached requests to admit). Plaintiffs responded that they were:

> not able to admit or deny. In March, 2004, [the parents] had serious concerns about White's behaviors . . . and wanted school officials to investigate and explore those concerns. [The parents] raised concerns about specific misconduct that raised at least a risk of sexual abuse.

(d/e 109, p. 4 of attached requests to admit).

Defendants press for an "admit" or "deny" but Plaintiffs' response complies with Fed. R. Civ. P. 36(4). "If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny." Fed. R. Civ. P. 36(4). In the Court's opinion, Plaintiffs have sufficiently explained why they cannot truthfully admit or deny.

## V. Unit 5's Request to Admit 30

Request to Admit 30 states:

Julie Doe-10 [Julie or John Doe-11] did not ask Heidbreder to remove Jane Doe-10 [Jane Doe-11] from White's classroom.

(d/e 109, p. 8 or 9 of attached requests to admit).

Plaintiffs responded that they were

> not able to admit or deny. The communications between Julie Doe-10 [Julie or John Doe-11] and Heidbreder relating to White were extensive and are best explored through means of discovery deposition. Heidbreder never offered to remove Jane

> Doe-10 [Jane Doe 11] from White's classroom. Heidbreder at one point told the Does-10 & 11 that they should not report to him but should only report to White instead.

(d/e 109, p. 8 or 9 of attached requests to admit).

Plaintiffs do not explain why the "extensive" communications between them and Heidbreder make them unable to admit or deny asking Heidbreder to remove their daughters from White's classroom, or how a discovery deposition would help them know. If they do not recall, they can state so. Unlike their answer to request to admit 11, the parents' answer to this request does not sufficiently explain why it cannot be admitted or denied. Therefore, Plaintiffs are directed to respond to Request to Admit #30.

THEREFORE, Defendants' Motion to Compel (d/e 109) is granted in part and denied in part as follows:

1) By October 14, 2009, Plaintiffs are directed to provide to Defendants:

> a) revised responses to Defendants' interrogatories and requests for production of documents which do not contain Plaintiffs' general and blanket reference to discovery already produced.
>
> b) supplemental responses to Pye's interrogatory 12.
>
> c) supplemental responses to Unit 5's interrogatories 4, 9, 15, and 24.

    d)     supplemental response to Unit 5's request to produce 36.

    e)     supplemental response to Unit 5's request to admit 30.

2) Defendant's motion to compel is denied with regard to their request to admit 11.

3) The Court determines that the parties should bear their own expenses with regard to the motion to compel. Fed. R. Civ. P. 37(a)(5)(C)(court "may" apportion expenses if motion to compel granted in part and denied in part).

ENTER:    September 22, 2009

                                  *s/ Byron G. Cudmore*
                             _____
                                BYRON G. CUDMORE
                          UNITED STATE MAGISTRATE JUDGE