E-FILED
Friday, 30 October, 2009 09:19:59 AM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | | |
|---|---|---|
| JANE DOE, 10, a minor, through her mother and next friend, Julie Doe, 10 JULIE DOE, 10, JANE DOE, 11, a minor, through her parents and next friends, Jane and John Doe 11, JANE DOE, 11 and JOHN DOE, 11 | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 08-1287 |
| JON WHITE, MCLEAN COUNTY UNIT DISTRICT NO. 5 BOARD OF DIRECTORS, JIM BRAKSICK, ALAN CHAPMAN, DALE HEIDBREDER, and JOHN PYE, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

The School District and Defendants Braksick, Pye and Chapman have filed a motion to dismiss Counts 10, 15 and 16 of Plaintiffs' First Amended Complaint and a motion to strike those same counts (d/e 116). For the reasons explained below, the Court recommends that the motions be denied.

## Background

In October 2008, Defendants removed this case to federal court and filed several motions to dismiss and motions to strike. (d/e's 1, 4, 5, 7, 9, 11, 13, 15). The School District moved to dismiss Plaintiffs' Count 10—a premises liability claim against the School District—for failure to state a cause of action, on the grounds that: 1) the claim was barred by discretionary immunity; and 2) the claim was barred under the "public duty rule" because no exception under the "special relationship doctrine" was pled. (School District's Memorandum in Support of Motion to Dismiss, d/e 6, pp. 10-13). This Court addressed those grounds for dismissal in its Report and Recommendation filed March 3, 2009, concluding that the arguments did not warrant dismissal of the premises liability count. (d/e 47, pp. 44-45). This Court further cited Doe v. Sperlik, 2005 WL 3299818 *4 (N.D. Ill. 2005) in noting that "[t]he allegations plausibly suggest a right to relief and give sufficient notice of the claim." (d/e 49, p. 45). The Court in Doe v. Sperlik had concluded that a premises liability claim was stated based on allegations that school officials knew a teacher was using a private room to abuse his students.

Separately, Defendants Heidbreder and Braksick moved to dismiss Count 15 of the original Complaint—willful and wanton indifference to sexual harassment—for failure to state a claim, on the grounds that: 1) no inference of willful and wanton misconduct arose; 2) there is no independent tort for willful and wanton misconduct; and, 3) they were entitled to discretionary immunity. (Defendant Braksick's Memorandum in Support of Motion to Dismiss, d/e 8, pp. 12-15; Defendant Heidbreder's Memorandum in Support of Motion to Dismiss, d/e 14, pp. 12-15). In its Report and Recommendation filed March 3, 2009, this Court recommended that the motions to dismiss Count 15 be denied. (d/e 47, pp. 29-36). This Court further recommended that the School District's motion to dismiss Count 16—a respondeat superior claim based on Count 15—be denied. (d/e 47, p. 43).

No objections were filed to the Report and Recommendation, which was adopted by Judge Mihm on March 30, 2009. (d/e 49). Discovery ensued, and in August, 2009, this Court granted Plaintiffs leave to file a First Amended Complaint. (8/7/09 text order; First Amended Complaint, d/e 102). The First Amended Complaint sets forth the same counts for premises liability (Count 10), willful and wanton indifference to sexual

harassment (Count 15), and respondeat superior liability (Count 16).
Notably, though, Defendants Pye and Chapman were added as
Defendants to Count 15; Defendant Heidbreder and Braksick had been the
only defendants named in this count in the original Complaint.[1] On August
20, 2009, the School District and Defendants Braksick, Pye and Chapman
filed the instant motions to strike or dismiss Counts 10, 15 and 16 of the
First Amended Complaint.

## Analysis

Federal Rule of Civil Procedure 12(g)(2) provides:

> **(2) *Limitation of Further Motions.*** Except as
> provided in Rule 12(h)(2) or (3), a party that makes
> a motion under this rule must not make another
> motion under this rule raising a defense or objection
> that was available to the party but omitted from its
> earlier motion.

*See also* 1966 Amendment Comments to Rule 12(g)("This required consolidation of defenses and objections in a Rule 12 motion is salutary in that it works against piecemeal consideration of a case.").

---

[1] Defendants Pye and Chapman were originally listed in the prayer for relief in Count 15, but not in the body of the allegations forming this count or in the title of the count. (Original Complaint, Count 15).

In its present motion to dismiss, the School District makes a new argument for dismissal of the premises liability claim that it did not make in its original motion to dismiss. The School District asserts that 745 ILCS 10/3-106 allows a premises liability claim only for an unsafe condition of the property itself, not for an unsafe condition posed by an employee's misuse of the property. The School District has also made this argument in the other pending case against White in this District, <u>Doe-20 v. Bd of Ed. Community Unit School Dist. No. 5</u>, 09-1158 (C.D. Ill., Judge Mihm), but the argument was made in the School District's first and only (so far) motion to dismiss. The argument does have merit: this Court has recommended dismissal of the premises liability claim in <u>Doe-20</u> based on this argument. <u>Doe-20</u>, 10/20/09 Report and Recommendation, d/e 35, pp. 65-75. The time for objecting to that Report has not yet passed.

Here, though, the issue is <u>not</u> the merits of the School District's new argument for dismissal. The issue is whether the School District should be permitted to make this new argument in a second motion to dismiss even though it could have done so in its first motion to dismiss. This is the classic "two bites at the apple" analogy. The premises liability claim in both Complaints is the same, and the School District's new defense to that claim

was available to it when it filed its first motion to dismiss. The School District asserts that it can raise new grounds for dismissal because courts have the power to reconsider pre-judgment orders such as motions to dismiss. (d/e 115, p. 2, *citing* Cameo Convalsecent Center, Inc., v. Percy, 800 F.2d 108, 110 (7th Cir. 1986). In Cameo, though, the movants did not file successive Rule 12 motions; instead the Court's reconsideration occurred at the summary judgment stage. Cameo, 800 F.2d at 110 ("we reject Cameo's argument that the district court's earlier refusal to dismiss Cameo's case precluded the district court from later granting summary judgment against Cameo.").

The School District offers no reason why its new argument was not included in its first motion to dismiss, nor does the Court see any. Some of the cases it cites date back over 15 years, so the argument was certainly available. *See* Burdine v. Village of Glendale Heights, 139 Ill.2d 501 (1990). Similarly, the argument by the School District and by Defendant Braksick that Counts 15 and 16 (willful and wanton indifference to sexual harassment) are redundant of Counts 22 and 23 (willful and wanton supervision), or redundant of the premises liability claim, could have been made in the first motions to dismiss. *See* 766347 Ontario Ltd. v. Zurich

Capital Markets, Inc., 274 F.Supp.2d 926, 930 (N.D. Ill. 2003)("Rule 12(g) generally precludes a defendant from bringing successive motions to dismiss raising arguments that the defendant failed to raise at the first available opportunity.")(*citing* Wright & Miller § 1388 ("The filing of an amended complaint will not revive the right to present by motion defenses that were available but were not asserted in timely fashion prior to amendment."))(other citation omitted).

The School District could perhaps had filed an Answer to the premises claim and then brought a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c), since that motion would not be barred by Rule 12(g)(2). Fed. R. Civ. P. 12(g)(2)("Except as provided in Rule 12(h)(2) or (3) . . ."); Fed. R. Civ. P. 12(h)(2)(B)(failure to state a claim may be raised by 12(c) motion).[2] Even if the School District filed a proper Rule 12(c) motion, though, this Court would recommend that the motion be denied because the argument is waived for purposes of the motion to dismiss stage. Local Rule 72.2 states that "[f]ailure to file an objection to a report and recommendation shall constitute waiver of further review of the issue."

---

[2] A court can convert a Rule 12(b)(6) motion to a Rule 12(c) motion, if the motion is filed after the Answer. The School District, however, has not Answered the premises liability count, instead relying on this motion to dismiss. (School District's Answer, d/e 120, p. 20).

This Court stated in its Recommendation in this case that it believed an arguable claim was stated, based on Sperlik. The School District filed no objections and should not be permitted a second bite at that apple. *See* Rule 72.2 ("such objection shall specifically identify the portions of the report and recommendation to which objection is made and the basis for the objection . . . ."); *see also* Blaz v. Michael Reese Hosp. Foundation, 191 F.R.D. 570, 572 (N.D. Ill. 1999)(defendants failure to make argument in motion to dismiss waived that argument for purposes of motion to dismiss). A different result would circumvent Rule 72.2 and would substantially impede the efficient progress of cases in the Court's view, by allowing parties to present their arguments for Rule 12 dismissal in piecemeal fashion.

In sum, though the Court believes that the School District's new argument about the premises liability claim has merit, the Court also believes that the School District has waived its opportunity to make the argument in a Rule 12 motion, based on Fed. R. Civ. P. 12(g)(2), Local Rule 72.2, and principles of waiver. The School District can make these arguments at summary judgment. The Court reaches the same conclusion

regarding the redundancy arguments by the School District and Defendant Braksick.

However, Defendants Pye and Chapman were not initially named as defendants in Count 15, so they had no reason to object to this count in their first motions to dismiss.  Pye and Chapman move to strike or dismiss Count 15 (willful and wanton indifference to sexual harassment) as redundant of Count 22 (willful and wanton supervision).  Under Fed. Rule Civ. P. 12(f), the Court may strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  The Court agrees, as Plaintiffs concede, that there appears to be significant overlap in these claims, but the Court cannot confidently conclude at this point that the indifference claim is identical to the supervision claim.  The cases cited by the School District are distinguishable.  <u>Williams v. Southern Illinois Riverboat/Casino Cruises, Inc.</u>, 2007 WL 3253239 *3 (S.D. Ill. 2007)(plaintiff pleaded two counts for arrest without probable cause)(not reported in F.Supp.2d); <u>Paine v. Johnson</u>, 2008 WL 4890269 *10 (counts duplicative because they alleged unreasonable seizure/failure to obtain medical treatment against same defendants)(not reported in F.Supp.2d).  Plaintiffs point out that the indifference claim is arguably focused on a

broader range of action and inaction than the failure to supervise claim. Whether the counts ultimately provide separate legal grounds for liability remains to be seen, but the Court believes that determination better awaits a fully developed record and briefing.

WHEREFORE, the Court RECOMMENDS that the motion to dismiss (d/e 114) and motion to strike (d/e 116) by the School District and Defendants Braksick, Pye and Chapman be denied.

Any objections to this Report and Recommendation must be filed in writing with the Clerk of the Court within ten working days after service of a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to timely object will constitute a waiver of objections on appeal. Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986). See also Local Rule 72.2.

ENTER: October 30, 2009

*s/ Byron G. Cudmore*
_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE