E-FILED
Wednesday, 20 January, 2010 01:30:53 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JANE DOE, 10, a minor through her mother and next friend, Julie Doe, 10, Julie Doe, 10, JANE DOE, 11, a minor through her parents and next friends, Jane Doe, 11 and John Doe, 11, <br><br>Plaintiffs, <br><br>v. <br><br>JON WHITE, MCLEAN COUNTY UNIT DISTRICT NO. 5 BOARD OF DIRECTORS, JIM BRAKSICK, ALAN CHAPMAN, DALE HEIDBREDER, and JOHN PYE, <br><br>Defendants. | No. 08-1287 |

## ORDER

Defendants McLean County Unit District No. 5 ("School District"), Braksick, Chapman, Heidbreder, and Pye previously filed Motions to Dismiss and Defendants School District and Heidbreder previously filed Motions to Strike Plaintiffs' Complaint, which were ruled upon by this Court on March 30, 2009. On October 30, 2009, a Report & Recommendation [#142] was filed by Magistrate Judge Byron G. Cudmore recommending that Defendants McLean County Unit District No. 5's ("School District"), Braksick's, Pye's, and Chapman's second Motion to Dismiss [#114] be denied, and their Motion to Strike [#116] be denied as well. Defendants School District, Braksick, Pye, and Chapman have filed an objection [#143] to the Magistrate Judge's recommendation, and this Order follows.

1

**STANDARD OF REVIEW**

A district court reviews *de novo* any portion of a Magistrate Judge's Report and Recommendation to which written objections have been made. See FED. R. CIV. P. 72(b). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*.

**BACKGROUND**

The relevant procedural history is sufficiently set forth in the comprehensive Report & Recommendation of the Magistrate Judge. Relevant to Defendants' current motion to dismiss, Plaintiffs have brought this litigation alleging premises liability, Defendants Heidbreder, Braksick, Pye, and Chapman were willfully and wantonly indifferent to their actual knowledge of White's teacher-on-student sexual harassment, and Defendant School District was willfully and wantonly indifferent to known teacher-on-student sexual harassment under the doctrine of respondeat superior.

**ANALYSIS**

**I.    Motion to Dismiss Count X Premises Liability**

Defendants first object to the Magistrate's recommendation that their second motion to dismiss Plaintiffs' Count X be denied because the arguments they rely upon are waived for purposes of the motion to dismiss stage. The Magistrate Judge explained that the issue was not the merits of the School District's new argument for dismissal in regard to Count X, but rather whether the School District should be permitted to make this new argument in a second motion to dismiss even though it could have done so in its first motion to dismiss. The Report discusses the "two bites at the apple" analogy and how Fed. R. Civ. P. 12(g)(2), Local Rule 72.2, and principles of waiver all provide that

the School District is unable to make the argument in its second Rule 12 motion.[1] The Report further discusses whether the School District could have been successful in filing a Rule 12(c) motion, but ultimately concludes that Local Rule 72.2 prevents that outcome. With all due respect, this Court finds that Rule 12(g)(2) does not preclude consideration of the School District's new argument for dismissal of Count X (premises liability), or Counts XV and XVI.

Federal Rule of Civil Procedure 12(g)(2) provides:

> (2) Limitation of Further Motions. Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.

The Court agrees with the Magistrate that principles of waiver, as expressed in Rule 12(g)(2), should be enforced in order to prevent a second bite at the apple, and to prevent piecemeal litigation. However, Federal Rule of Civil Procedure 1 provides that the Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."

There is a substantial amount of case law which provides that successive Rule 12(b)(6) motions may be considered where they have not been filed for the purpose of delay, where entertaining the motion would expedite the case, and where the motion would narrow the issues involved. See *Donnelli v. Peters Securities Co., L.P.*, 2002 WL 2003217, at *3-4 (N.D. Ill. 2002); *Muhammad v. Village of Bolingbrook*, 2004 WL 1557958, at * 1 (N.D. Ill. 2004); *Campbell-El v. District of Columbia*, 881 F. Supp. 42, 43 (D.D.C. 1995); and *Sharma v. Skaarup Ship Mgmt. Corp.*, 699 F. Supp. 440, 444 (S.D.N.Y. 1988).

---

[1] The Magistrate reached the same conclusion regarding the redundancy arguments made by the School District and Defendant Braksick.

In *Strandell v. Jackson County, Illinois*, the defendants filed a second Rule 12(b)(6) motion raising issues they did not previously include in their first 12(b)(6) motion to dismiss. 648 F. Supp. 126, 129 (S.D. Ill. 1986). The *Strandell* court held that the defenses raised in the second 12(b)(6) motion were not waivable, citing Rule 12(h)(1) and (2). *Id.* Though the defendants did not follow the proper procedure under the Federal Rules for raising the defenses then at issue[2], the Court stated, "'since the objection of [failure to state a claim] is so basic and is not waived, the Court might properly entertain the second motion [to dismiss] if convinced that it is not interposed for delay and that the disposition of the case on the merits can be expedited by so doing.'" 648 F. Supp. at 129 (*quoting* 2A Moore's Federal Practice ¶ 12.22 at 12-192). In *Campbell-El v. District of Columbia*, the defendants filed a second Rule 12(b)(6) motion to dismiss which, the Court stated, ran counter to provisions of Rule 12(g). 881 F. Supp. at 43. The *Campbell-El* court held it would entertain the defendants' renewed motion, in its sound discretion, in order to avoid undue delay. *Id.* The Court explained that the defendants were not repeating arguments on which the court had already substantively ruled.[3] *Id.*

Here, there are certainly competing interests. The School District's new arguments in its second motion to dismiss were available at the time it made its first motion to dismiss, and so Rule 12(g) would otherwise apply to prevent delay and piecemeal litigation in these proceedings.

---

[2] Similarly here, the Court agrees with the Magistrate that the School District's Rule 12(b)(6) motion cannot be converted to a Rule 12(c) motion because the School District has not answered the premises liability count.

[3] The *Campbell-El* court further explained that the defendants' first motion to dismiss was denied with respect to the particular claims because the issues had not been addressed adequately. 881 F. Supp. at 43. That is not what happened here, where the Magistrate concluded that the School District's original arguments in its first motion to dismiss did not warrant dismissal of the premises liability count. 3/3/2009 R&R, pp. 44-45.

4

However, the School District's new arguments are meritorious and it does not appear that the second motion was brought for purposes of delay. As the case law illustrates, it is not unprecedented to allow a successive Rule 12(b)(6) motion to dismiss in similar circumstances. In the interests of judicial economy and consistency,[4] the Court will address the merits of the School District's second 12(b)(6) motion to dismiss.

A complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). That statement must be sufficient to provide the defendant with "fair notice" of the claim and its basis. *Tamayo v. Blagojevich,* 526 F.3d 1074, 1081 (7th Cir. 2008); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007). This means that (1) the complaint must describe the claim in sufficient detail to give the defendant "fair notice of what the ... claim is and the grounds upon which it rests" and (2) its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a "speculative level." *EEOC v. Concentra Health Services, Inc.* 496 F.3d 773, 776 (7th Cir. 2007). Conclusory allegations are "not entitled to be assumed true." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1951 (2009) (citing *Twombly*, 550 U.S. 544 (2007)).

For purposes of a motion to dismiss, a complaint is construed in the light most favorable to the plaintiff, its well-pleaded factual allegations are taken as true, and all reasonably-drawn inferences are drawn in favor of the plaintiff. See *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Hishon v. King & Spalding*, 467 U.S. 69 (1984); *Lanigan v. Village of East Hazel Crest*, 110 F.3d

---

[4] In the other pending case against White in this District, *Doe-20 v. Bd. of Ed. Community Unit School Dist. No. 5*, 09-1158 (C.D. Ill., Judge Mihm), the School District made the same argument regarding premises liability in its first motion to dismiss that it has made in this case in its second motion to dismiss. This Court adopted the Magistrate Judge's recommendation that the premises liability claim in *Doe-20* be dismissed based upon that argument.

467 (7th Cir. 1997); *M.C.M. Partners, Inc. v. Andrews-Bartlett & Assoc., Inc.*, 62 F.3d 967, 969 (7th Cir. 1995); *Early v. Bankers Life & Cas. Co.*, 959 F.2d 75 (7th Cir. 1992).

Here, Defendants argue that Plaintiffs' failure to assert that a condition of the School District's property was dangerous in Count X precludes premises liability under Section 3-102 of the Tort Immunity Act. Section 3-102 provides:

> (a) Except as otherwise provided in this Article, a local public entity has the duty to exercise ordinary care to maintain its property in a reasonably safe condition for the use in the exercise of ordinary care of people whom the entity intended and permitted to use the property in a manner in which and at such times as it was reasonably foreseeable that it would be used, and shall not be liable for injury unless it is proven that it has actual or constructive notice of the existence of such a condition that is not reasonably safe in reasonably adequate time prior to an injury to have taken measures to remedy or protect against such condition.

745 ILL. COMP. STAT. ANN. 10/3-102 (2010). Defendants argue that recent court decisions confirm that premises liability claims against local public entities alleging "dangerous conditions" are limited to injuries stemming from a "condition", but not the misuse, of the property. 8/20/2009 MTD, p. 3.

In *Burdinie v. Village of Glendale Heights*, cited by the School District, the plaintiff was allegedly injured when he jumped into a pool following the instructor's command to do so. 565 N.E.2d 654, 660 (Ill. 1990) (overruled on other grounds by *McCuen v. Peoria Park Dist.*, 643 N.E.2d 778 (1994)). The *Burdinie* court held that the plaintiff's failure to allege an unsafe condition in or around the pool meant the plaintiff did not state a cause of action under Section 3-102. *Burdinie*, 643 N.E.2d at 660. Similarly, in *Nelson v. Northeast Illinois Reg'l Commuter R.R. Corp.*, the court determined that Section 3-102 immunity applied where the injury arises from the condition of the property, not from an unsafe activity conducted on otherwise safe property. 845 N.E.2d 884, 891 (Ill. App. 1st Dist. 2006) (discussing *McCuen*'s analysis of Section 3-106 and extending it to

Section 3-102); but see *Doe v. Sperlik*, 2005 WL 3299818, at *4 (N.D. Ill. 2005) (citing *Lawson v. City of Chicago*, 662 N.E.2d 1377 (Ill. App. 1st Dist. 1996)) (plaintiffs allegedly molested by their teacher allowed to proceed with their premises liability claim under Section 3-102 against school district where they alleged condition of the premises prompted teacher's criminal acts and school district had knowledge teacher used the classroom to facilitate those acts).

The School District is correct that a premises liability claim against a local public entity stems from an injury attributable to an unsafe condition of the property itself under Section 3-102 of the Tort Immunity Act. See *Burdinie*, 643 N.E.2d at 660; *Nelson*, 845 N.E.2d at 891; *Lewis E. v. Spagnolo*, 710 N.E.2d 798 (Ill. 1999); *Rexroad v. City of Springfield*, 796 N.E.2d 1040 (Ill. 2003); and *Courson v. Danville School Dist.*, 775 N.E.2d 1022 (Ill. App. 4th Dist. 2002). Here, Plaintiffs do not allege that a condition of White's classroom itself was unsafe, but only that White's ongoing propensity to sexually harass his minor female students on school premises created dangerous conditions on the School District's property. Therefore, Plaintiffs' Count X is dismissed for failure to state a claim for premises liability.

## II. Motion to Dismiss or Strike Counts XV and XVI Willful and Wanton Indifference to Sexual Harassment

In Counts XV and XVI, Plaintiffs allege willful and wanton indifference to sexual harassment. Defendants School District, Braksick, Pye, and Chapman argue that these claims should be stricken pursuant to Rule 12(f) as redundant of Counts XXII and XXIII (willful and wanton supervision). The Court concurs with the Magistrate's recommendation that Defendant Pye's and Defendant Chapman's motions to strike be denied at this time.[5] The Court finds the Magistrate's

---

[5] The Magistrate believed that the School District and Defendant Bracksick have waived this argument by failing to include it in their first Motions to Dismiss. However, as already

7

analysis of Defendants' Pye's and Chapman's motions to strike is equally applicable to the School District and Defendant Braksick. The Court agrees with the Magistrate that a determination as to whether the counts ultimately provide separate legal grounds for liability better awaits a fully developed record and briefing. Defendants object that the Magistrate's recommendation ignores the court's holding in *Williams v. Southern Illinois Riverboat/Casino Cruises, Inc.* 2007 WL 3253239, at *3 (S.D. Ill. 2007). The Court further concurs with the Magistrate Judge that *Williams* and the other cases cited by the School District are distinguishable from this case.

**CONCLUSION**

For the reasons set forth above, the Court adopts in part and modifies in part the Report & Recommendation [#142] of the Magistrate Judge. Accordingly, Defendants' Motion to Dismiss Count X [#114] is GRANTED. The Motion to Strike counts XV and XVI [#116] by Defendants School District, Braksick, Pye, and Chapman is DENIED. This matter is referred to the Magistrate Judge for further proceedings.

ENTERED this 19th day of January, 2010.

s/Michael M. Mihm
Michael M. Mihm
United States District Judge

---

discussed, the Court respectfully disagrees and will proceed to consider the merits of their argument in the same manner as did the Magistrate regarding Defendant Pye's and Defendant Chapman's Motion to Strike. See FED. R. CIV. P. 12(f); and *Williams v. Jader Fuel Co., Inc.,* 944 F.2d 1388, 1399 (7th Cir. 1991) ("Courts have read Rule 12(f) to allow a district court to consider a motion to strike at any point in a case, reasoning that it is considering the issue of its own accord despite the fact that its attention was prompted by an untimely filed motion.").